*June Term,*
*1862.*

W AKELEY
v.
MOHR.

---

## WAKELEY vs. MOHR, impleaded &c.

A complaint by the holder of a tax deed, sufficient to show a cause of action under sections 35, 36 and 37, chapter 22, General Laws of 1859, would not be held bad on demurrer even if section 38 of that chapter (which requires the defendant, as a condition to the right of defending against the tax deed on certain grounds, to pay into court certain sums therein specified for the benefit of the plaintiff,) were conceded to be unconstitutional.

The only effect of the unconstitutionality of that section would be, that the defenses specified therein might be interposed without complying with the conditions.

The provisions of chapter 22, General Laws of 1859, relative to actions to try the title to lands deeded for taxes, are not unconstitutional on the ground that they deny the right to a trial by jury in an action at law; section 42 of that chapter providing that any issue of fact arising in such a cause shall be tried by a jury on the demand of either party.

APPEAL from the Circuit Court for *Dane* County.

This was an action commenced in November, 1861, by the holder of a tax deed executed October 5, 1861, and recorded on the 16th of the same month, conveying land sold in September, 1858, for delinquent taxes of 1857. The complaint alleges the legal assessment of taxes upon the land for 1857, default in the payment thereof, the sale of the land to the plaintiff and the execution of a certificate of sale to him, and the subsequent execution and record of the tax deed, which is set forth in full. It then alleges that by virtue of said conveyance the plaintiff claims title to said land, "and is the absolute owner thereof, and entitled to the possession thereof;" that at the time of said sale the land was owned by the defendant *Eaton*, and was still claimed by him; that *Mohr*, the other defendant, claimed some interest in the land, &c. Prayer for judgment that the defendants, and all persons claiming under them, might be forever barred of all interest &c., in the land; that the title to the land might be quieted in the plaintiff; and for general relief.—*Mohr* demurred to the complaint, on the grounds that it did not state facts sufficient to constitute a cause of action, and that several causes of action were improperly joined therein. The court sustained the demurrer, and *Mohr* appealed.

*Wakeleys & Vilas*, for appellant.

*J. C. Hopkins*, for respondent, contended that the legislature had no power to provide for a suit in equity by the grantee in a tax deed to bar the rights of the original owner; that if the plaintiff had any title to the land, it was an absolute legal title; that such was the nature of the title claimed by him in his complaint; that the issue thus presented must be tried in an action *at law*, in which the defendant was entitled to a jury. The action is in fact an action to recover real property, and the complaint does not contain facts sufficient to sustain such an action. R. S., p. 838. 2. Counsel contended that secs. 35 to 48 of chapter 22, Laws of 1859, all relate to this one remedy, and must stand or fall together; and that section 38 is in violation of sec. 9, Art. 1 of our state constitution, which provides that "every person is enti-

tled to a certain remedy in the law, *freely and without being obliged to purchase it*," &c.   3. Three causes of action were united in the complaint; one for an action in ejectment; one for an equitable action to bar the rights of the defendants, under the statute; and one for an equitable action to remove a cloud upon the plaintiff's title.

June Term, 1862.

WAKELEY
v.
MOHR.

October 11.

*By the Court*, PAINE, J.   It is not denied that this complaint is sufficient to show a cause of action under sections 35, 36, and 37, chap. 22, General Laws of 1859.   But it is claimed in support of the demurrer, that the act itself is unconstitutional.  A portion of the argument is based upon the provisions of sec. 38, which require the defendant, as a condition to the right of defending against the tax deed on account of certain irregularities, to pay into court certain sums therein specified, for the benefit of the plaintiff.   We do not see how this question can be raised upon this demurrer.  For if that requirement were conceded to be invalid, it would not destroy the entire law.   The only effect would be that the specified defenses might be interposed without complying with the conditions.   The provision in question certainly does not constitute such an essential feature of the law, that the whole must fall unless effect can be given to that.

The only other ground for holding the act unconstitutional was, that the action is in effect a legal action, and that it is incompetent for the legislature to change a legal into an equitable cause of action, and thus deprive the party of his constitutional right to a jury trial.  But this may be conceded, and we still do not see how this law is obnoxious to the objection.   Section 42  expressly secures to either party who demands it, a jury trial upon any issue of fact.   There certainly can be no question here, then, about a party's being deprived of this right.   And we suppose that it is not denied that it is competent for the legislature to enlarge or abridge remedies existing, or create new ones, subject to such restrictions as the constitution imposes.   We discover no valid objection to the law in that respect.

The order sustaining the demurrer is overruled, with costs, and the cause remanded for further proceedings.