## McCONIHE vs. HOLLISTER and others.

*It seems* that where an answer does not in form set up a counter-claim, but contains allegations sufficient either for a defense or a counter-claim, it should be construed as setting up a defense merely.

A defendant cannot set up as a counter-claim allegations of such a character that if they were in the form of a complaint in a separate action, another person, not a party to the pending suit, would be a *necessary* defendant to such separate action.

APPEAL from the Circuit Court for *Walworth* County.

Action to foreclose a mortgage given by the defendants *William Hollister and wife* to the Racine & Mississippi Railroad Company, to secure a note for $800, executed to said company by *William Hollister.* The plaintiff claimed as assignee in good faith and for a valuable consideration before the note was due. The answer of *Hollister* alleges that the note and mortgage were given for eight shares of the stock of said company; that he was induced to subscribe for said stock and execute the note and mortgage, by certain false and fraudulent representations of the company's agents; that at the time of said stock subscription and of the execution of said note and mortgage, and as a part of the same transaction, the company delivered to said defendant an instrument under its seal, by which it agreed to pay the interest on said note in consideration of an assignment to it by defendant of any dividends to which defendant might become entitled on said shares of stock; that the company had no power to make said agreement nor to take payment for its stock in anything but money; that the stock certificate issued to defendant stated that it had been paid for in the note and mortgage of said defendants, and was therefore invalid and worthless; that plaintiff was not the owner of said note and mortgage for value paid, or in the usual course of trade, but they were merely attempted to be assigned by an instrument purporting to be a bond of said company, and as collateral security therefor, but that no person was ever authorized to execute said instrument for the company, and said pretended assignment was wholly void; that defendant knew at the time of such pretended assignment that said note and mortgage had been given and received in payment of stock of said company, "and also had knowledge and information of all the other facts above set forth relating to said note and mortgage," &c. The defendant therefore prayed for judgment that the note and mortgage were fraudulently obtained of him, and were void, and that they be delivered up to be cancelled, and that the plaintiff be perpetually enjoined from attempting

to enforce payment, &c.   There was no reply.   The case was submitted to the court upon the pleadings and the note and mortgage.   Judgment of foreclosure and sale was rendered ; and the defendant *Hollister* appealed.

*J. H. Knowlton*, for appellant, contended that the answer contained a counter-claim, and, there being no reply, defendant was entitled to judgment in accordance with his prayer.   When the defendant has a cause of action against the plaintiff upon which he might have maintained a suit, such a cause of action is a counter-claim.   Voorhies' Code, p. 172 ; *Lemon v. Trull*, 13 How. Pr. R., 248 ; *Silliman v. Eddy*, 8 id., 122 ; *Putnam v. De Forest*, id., 146 ; *Simpson v. Loft*, id., 234 ; *Davidson v. Remington*, 12 id., 310 ;  9  id.,  263 ;  20  Barb.,  477 ;  2 Duer, 639 ; 5 How., 433 ; 4 Sandf., 147 ; 1 Whitt. Pr., 147 ; *Xenia Branch Bank v. Lee*, 7  Abb., 372, 397.

*Winsor & Smith*, for respondent.

*By the Court*, DOWNER, J.   The only question presented by the appellant is, whether the answer is a counter-claim and entitled to be taken as true without proof.   The facts alleged in the answer, if proved, would be a good defense.   Some of the allegations are such as are proper only for a defense, and which no good pleader would have inserted in a counter-claim.   We are inclined to the opinion that where an answer does not in form set up a counter-claim, but contains allegations sufficient either for a defense or counter-claim, it should be construed to set up a defense merely.   The rule was rightly laid down in *Burrall v. De Groot*, 5 Duer, 379.

In this case  the answer, in  substance, alleges that the note and mortgage were obtained by the railroad company from the defendant *William Hollister* by false and fraudulent representations respecting the amount of cash subscriptions to the capital stock of the company, and its indebtedness ; that the note and mortgage were merely attempted to be assigned by the company by an instrument purporting to be the bond of

said company, and as collateral security for the payment of said purported bond ; and that this bond was executed by the officers of the company without authority, and is void. It is evident from these allegations, that if the statements in this answer were in the form of a complaint in a separate action, asking that the note and mortgage be surrendered and cancelled, the Racine and Mississippi Railroad Company would be a *necessary* party defendant. The defendant, then, could not set up the facts alleged in his answer *as a counter-claim* in this action, for the reason that a new party must be brought before the court. *Coursen v. Hamlin*, 2 Duer, 513.

Order of the court below affirmed, with costs.