CALL vs. CHASE and another.

*Parties defendant.—Condition of equitable relief against tax deed.*

1. Positive relief demanded in the answer in ejectment, properly denied because it required an adjudication of the rights of one not a party.
2. Defendant in ejectment not entitled to have plaintiff's tax deed adjudged void without paying the amount due for taxes and interest.

APPEAL from the Circuit Court for *Rock* County.

Ejectment, for a lot in the city of Janesville, brought by *Lucy F. Call* against *Evaleen A. Chase* and *Nathan Dearborn*. *Miss Call* claimed under a tax deed from said city, dated January 21, 1865, for taxes of 1861; *Mrs. Chase* as owner of the original title, and *Dearborn* as her tenant. The answer alleges that the tax deed is void; and that the taxes assessed upon the property, the judgment entered for the non-payment thereof (see preceding case), and the sale upon said judgment, were also void, for reasons specified; and that in November, 1865, *Mrs. Chase* redeemed the land from said taxes. It is further alleged that on the 23d of January, 1865, at the request of one Macloon, *Miss Call* quit-claimed the land to Carrie Dearborn, then and now the wife of said *Nathan Dearborn;* that said conveyance was made for the benefit of *Mrs. Chase,* for whom Mrs. Dearborn held the title in trust, having taken the conveyance at the request and as the agent of her husband, who was then *Mrs. Chase's* tenant of the land; that on the 6th of October, 1865, Mrs. Dearborn quit-claimed the land back to *Miss Call;* that the interest, if any, thus conveyed, belongs in fact to Macloon as the sole owner thereof, subject to the equitable rights of *Mrs. Chase;* that this conveyance was made without the knowledge or consent of *Mrs. Chase;* that on the 17th of the same month *Miss Call,* at the request of said Macloon, entered into a written agreement with Mrs. Dearborn, by which the latter was to pay $25 for said land, and certain taxes, and thereupon was to receive from the former a deed of the same; that Mrs. Dearborn held said contract in trust for *Mrs. Chase;* that the amount paid as consideration of the aforesaid deed from *Miss Call* to Mrs. Dearborn was $100; that there was no consideration for said deed back from Mrs. Dearborn to *Miss Call,* or for the aforesaid contract between them; and that Macloon and *Miss Call* well knew that at the time of the making of said deeds and contract that Mrs. Dearborn was the wife of

*Nathan Dearborn*, and that they were in possession of the premises by virtue of his tenancy under *Mrs. Chase*; and that said deeds and contract were executed in pursuance of a conspiracy between Macloon, Mrs. Dearborn and *Miss Call* to defraud *Mrs. Chase* of the land. Prayer, that plaintiff's tax deed, and also said quit-claim deeds and said contract, be adjudged void; that *Miss Call* be adjudged to convey said land to *Mrs. Chase*, in order to remove the cloud upon her title; and for costs, &c.—Reply in denial.

The circuit court held the tax deed void on its face; but that all irregularities in the tax proceedings were cured by sec. 16, ch. 107, Laws of 1862 (Supp. to Pr. & L. Laws); that *Mrs. Chase* had no legal right to redeem after three years from the sale;* and that the plaintiff was entitled to a deed of the land, as owner of the certificate; and it gave the defendants a judgment for costs, but denied the other relief demanded in the answer. From this judgment defendants appealed.

*Isaac Rogers* and *J. B. Cassoday*, for appellants.

*H. A. Patterson* and *A. A. Jackson*, for respondent.

COLE, J. The fact that Mrs. Dearborn was not made a party to the suit would seem to present an insuperable obstacle to the court's granting the relief asked in the answer. She claimed an interest in the premises under the tax deed, or at all events was a party to the contract, and it would manifestly be improper for the court to proceed and try the counter-claim, and adjudge the contract and deed void, when she was not before the court. Her rights would necessarily be affected by a judgment which declared that the deed and contract should be annulled and cancelled as clouds upon the title. Besides, the defendants defeated the attempt to get possession of the property, and this would seem to be all the relief they were entitled to in the action. If *Mrs. Chase* is the sole and lawful owner of

---

*This is based upon special provisions in the charter of the city of Janesville.

the premises, the law affords her ample ways to protect her rights against the claim or pretended claim of the plaintiff. The judgment of the court was really in her favor, giving her all costs and disbursements; and this was all she was entitled to recover.

Moreover, upon equitable principles, she ought not to have the tax deeds set aside and declared void, even upon the facts stated in the answer, without bringing into court and tendering to the plaintiff all the taxes and interest justly due upon the premises.

For these reasons, we are of the opinion that the court rightly denied the relief demanded in the answer.

*By the Court.*—The judgment appealed from is affirmed.