PENNOYER and another vs. ALLEN and another.

*September 25 — October 12, 1880.*

COUNTERCLAIM: PARTIES: PLEADING: INJUNCTION. *(1:1) Counterclaim demurrable for defect of parties. (1:2) Equitable defense to action at law. (2) Enjoining action at law.*

1. In an action against A. and B. to abate a nuisance and recover damages for its maintenance, such alleged nuisance consisting in the manner in which defendants conducted a large tannery, the answer shows that, before the action was brought, C. became part owner with A. and B. of such tannery; and it also alleges a like user of the premises for more than twenty years, and an expenditure of large sums in constructions thereon, under license from the plaintiffs, etc. It also sets up the same facts to support a counterclaim for a judgment establishing defendants' right to carry on the business, and enjoining plaintiffs from prosecuting this suit and another pending suit by them against A., B. and C., and from commencing like suits in the future. *Held,*

    (1) That a demurrer to the counterclaim should be sustained on the ground that C. is a necessary party thereto.

    (2) That the defense above stated, though in part equitable, may be interposed in an action at law.

2. A plaintiff should not be restrained from prosecuting his action where there is a clear and adequate defense at law.

APPEAL from the Circuit Court for *Kenosha* County.

Defendants appealed from an order sustaining a demurrer to a counterclaim set up in their answer. The case is stated in the opinion.

For the appellants there was a brief signed by *James Cavanagh*, their attorney, with *Jenkins, Elliott & Winkler* of counsel, and oral argument by *D. S. Wegg.*

For the respondents there was a brief by *J. V. & C. Quarles*, their attorneys, with *John T. Fish* of counsel, and oral argument by *J. V. Quarles,* and *Mr. Fish.*[1]

ORTON, J. This suit is brought to recover damages for injury to the premises of the plaintiffs, and to their use and enjoyment of the same, caused by the manner in which the business of the defendants has been carried on in and about a tannery situated upon the premises of the defendants. The defendants set up, in substance, by answer in defense of the action and in justification of such pretended nuisance, that they and those under whom they claim have carried on such business in the manner complained of for more than twenty years, and expended large sums of money in constructions necessary for said business, under the license and consent of the plaintiffs and those under whom they claim, and with their acquiescence. They answer, also, as a counterclaim, setting up substantially the same facts, and pray for judgment establishing their right to carry on said business in the manner complained of under such license, consent and acquiescence, and that the plaintiffs be enjoined from prosecuting this suit and another suit pending, brought by them against these defendants and one Nathan R. Allen, Jr., and from commencing any future actions against them, or either of them, or their heirs

---

[1] It is presumed that the case will reäppear in this court under circumstances requiring a decision of the main question involved; otherwise an outline of the argument upon that question, on each side, with all the authorities cited, would be given here.—REP.

or assigns, for damages occasioned by the manner in which such business is carried on by these defendants and the said Nathan R. Allen, Jr. The matter and prayer of this counterclaim would constitute a complaint in equity in the nature of a bill of peace or of *quia timet — interest reipublicæ ut sit finis litium —* to quiet the rights of the parties and put an end to further litigation upon the same subject. A demurrer to this counterclaim was sustained by the circuit court. On this appeal, supposing that the question arose, the whole subject of equity jurisdiction in such a case, including the rights of the parties in respect to an executed parol license and the large expenditures of money under it, and by consent and acquiescence, was fully and very ably discussed by the learned counsel on both sides, in the light of the authorities of this and other states.

It is to be regretted that this case is not in the condition in which this able discussion could be made available in the final determination of all of the questions which may arise in any stage of the litigation in respect to the same subject matter, which would put an end to this expensive and vexatious controversy. But it appears from the answer that, before this suit was brought, another party in interest with the defendants had intervened. One Nathan R. Allen, Jr., became a third owner of the tannery complained of, January 1, 1878, and is directly interested in the abatement prayed for, in the answer in defense of the action, and in the injunction prayed for in the counterclaim. It is obvious, without any discussion, that neither prayer can be granted in the absence of such a necessary party. *McConihe v. Hollister*, 19 Wis., 269. The facts stated in defense and for affirmative relief being substantially the same, the matters of the counterclaim, as such, are only necessary in this action to sustain the prayer for equitable relief. Such a defense, although in part equitable, may be interposed in an action at law. Section 2657, R. S. It follows that the demurrer to the counterclaim was properly sustained.

It may be suggested that an injunction in such a case ought not to be granted, unless the party asking it has first established his right in an action at law (Willard's Eq. Jur., § 323); but this we do not decide. An injunction ought not to be granted to restrain a plaintiff from prosecuting his action, where there is a clear and adequate defense at law *(Rogers v. Cross*, 3 Pin., 36); but this may not be such a case.

*By the Court.*— The order of the circuit court sustaining the demurrer to the counterclaim is affirmed, with costs, and the cause remanded for further proceedings according to law.