WILSON, Appellant, vs. HOOSER, imp., Respondent.

*March 18 — April 8, 1890.*

*Action to establish validity of lien: Counterclaim.*

In an action under sec. 3186, R. S., to establish the validity of a lien upon land as against the claim of the person in possession, a cause of action in favor of the defendant for the establishment of his title as against the plaintiff's lien may be pleaded as a counterclaim.

APPEAL from the Circuit Court for *Grant* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The appellant brought an action in the circuit court, under sec. 3186, R. S., to establish the validity of the lien of a mortgage held and owned by the plaintiff upon certain real estate, the possession of which was in the respondent, *Hooser*, and claimed to be owned by him. The appellant sets up the mortgage and alleges that it was executed and delivered for a valuable consideration by one John Hunt, who at the time was the owner of said real property mortgaged. It then alleges that since the giving of said mortgage the respondent obtained the possession of said real estate from said Hunt, and now holds such possession, and claims to hold it free and clear from the lien of such mortgage, basing such claim on the alleged fact that Hunt acquired his title to such premises in fraud of said *Hooser's* rights as a creditor of one William J. Pennypacker, who conveyed the premises to Hunt to defraud his creditors, which Hunt then knew. The complaint alleges that the plaintiff bought the notes and mortgage in good faith. "The plaintiff prays judgment that his said mortgage be established against any claim of the defendant *Hooser*, and that *Hooser* be forever barred against having or claiming any right or title adverse to plaintiff's said claim."

The defendant answered, by way of counterclaim, that

on January 29, 1877, William J. Pennypacker was the owner of said premises, and on that day defendant loaned Pennypacker the sum of $2,070, for which Pennypacker gave his note to the defendant, due one year from date; that when said note became due the defendant commenced an action on said note against said Pennypacker, and on September 29, 1879, he recovered judgment thereon against said Pennypacker for the sum of $2,371.75, which judgment was duly docketed on said day; that on June 7, 1880, execution was issued on said judgment and placed in the hands of the sheriff, and by virtue of said execution said premises were levied upon and sold to the said defendant *Hooser*, and there having been no redemption from such sale, on February 18, 1882, the sheriff, in pursuance of such sale, conveyed said lands and premises to the defendant by a good and sufficient deed. The defendant then alleges in his counterclaim " that on the 26th of September, 1878, the said Pennypacker was insolvent and had no other property except said land, and that to defraud his creditors he did on that day, without any consideration therefor, convey said land to his wife, Mary C. Pennypacker; that on September 28, 1880, she and said William J. Pennypacker, for the sole purpose of defrauding said *Hooser* and other creditors of said William J. Pennypacker, conveyed said lands to said John Hunt, and took back from him, as security for the purchase money, the notes and mortgage set forth in the plaintiff's complaint; that Hunt bought such premises with full knowledge of the rights of *Hooser* and of the said fraudulent intent of the Pennypackers; and that he participated in such fraud." It is further alleged that Hunt went into possession of said premises under his conveyance from the Pennypackers, and that afterwards the defendant brought an action of ejectment, basing his title on said sheriff's deed against said Hunt, and in said action he recovered possession of the said land and premises by a judg-

ment in that action in February, 1887, and has ever since been in possession of said land; that in said action the title of the said Hunt was held fraudulent and void as to the defendant; that such judgment remains in full force. It is further alleged that, at the time of the transfer of the notes and mortgage to the plaintiff, he had full notice of all the facts aforesaid, and of *Hooser's* rights, and of the fraudulent character of Hunt's title, and that such transfer was made by the Pennypackers and received by the plaintiff with the intent to defraud said *Hooser* and other creditors of William J. Pennypacker, and to place the latter's property beyond the reach of his creditors. In said counterclaim it is also alleged that, after the notice of *lis pendens* was filed in said ejectment action; said Hunt deeded the land in question to the plaintiff, and that plaintiff was in the receipt of the rents and profits of said land when said action was tried, and that he employed counsel in said action, and undertook and managed the defense thereof, and was the real party in interest therein.

The defendant prays judgment that the plaintiff and defendant Nathan take nothing by this action; that such notes and mortgage be adjudged null and void as against the defendant *Hooser;* and that he be adjudged the owner of the premises in fee-simple absolute, freed of all liens and incumbrances set forth in the complaint, and for other relief.

The plaintiff demurred to the counterclaim (1) because there is another action pending between the same parties for the same cause; (2) because the counterclaim does not state facts sufficient to constitute a cause of action; (3) because the cause of action stated is not pleadable as a counterclaim to this action. The circuit court overruled the demurrer, and from the order overruling the same the plaintiff appealed to this court.

For the appellant there was a brief by *Bushnell & Watkins*, and oral argument by *A. R. Bushnell*.

For the respondent there was a brief by *Orton & Osborn*, and oral argument by *C. F. Osborn*.

TAYLOR, J.   This action on the part of the plaintiff, if maintainable at all, must be maintained under the last clause of sec. 3186, R. S.   The complaint showing that the plaintiff is not in possession of the land which is the subject of the controversy, he cannot maintain an action under the first clause of said section.   The last clause of said section reads as follows: "And any person not having such title or possession, but being the owner and holder of any lien or incumbrance on land, shall also have the same right of action as the owner in fee in possession, to test the legality and validity of any other claim, lien, or incumbrance on such land, or any part thereof."   On a former appeal by the plaintiff from an order sustaining a demurrer to the complaint, this court held that the complaint stated a cause of action under the last clause of said section above cited. See *Wilson v. Hooser*, 72 Wis. 420.   We think there can be no doubt on the question as to whether the counterclaim states facts sufficient to constitute a cause of action.   The facts stated by the defendant in his counterclaim would certainly be a good cause of action under the first clause of said sec. 3186, R. S.   He alleges possession and the legal title in himself to the land in question, and states facts showing that the plaintiff is setting up a claim to said land, or a lien by mortgage thereon, and alleges that such claim is fraudulent and void as to his title.   If, upon the trial upon such a complaint, the plaintiff succeeded, he would clearly be entitled to the relief authorized in the first clause of said section.   It seems to us wholly unnecessary to cite authorities on this point.   The objection that there is another action pending between the parties for the same cause has no

foundation in fact, unless it be based on the contention that the plaintiff's complaint in this action is such other cause of action, and that all the rights of the defendant can. be adjudicated upon a denial of the facts stated in such complaint. The objection that there is another action pending between the same parties for the same cause might, possibly, be a good ground of demurrer to a counterclaim even when such other action was the same action in which the counterclaim was pleaded, if under the issues made in the action before the counterclaim was pleaded all the rights of the defendant in such action could be adjudicated and protected.

The objection to the counterclaim that the cause of action stated therein is not pleadable as a counterclaim in this action is really the only one which was urged upon the court on the hearing of this appeal. The argument is that a mere defense to the plaintiff's cause of action would afford the defendant all the relief that he can obtain under his counterclaim, and therefore the counterclaim is wholly unnecessary. It is also argued that the counterclaim does not contain any new matter not set up in the complaint, and therefore is not well pleaded as a counterclaim. We cannot agree with the learned counsel in either of his contentions. On pleading mere defensive matter to the plaintiff's complaint, the defendant could not obtain any final adjudication of his rights in the action, or the relief he is entitled to under said sec. 3186, R. S. The plaintiff could always defeat a final adjudication of the rights of the defendant by withdrawing or dismissing his action, and the only satisfaction the defendant would have would be the satisfaction of knowing that the plaintiff would pay the costs. This fact alone is sufficient to show that, if the defendant has in fact a good cause of action against the plaintiff, under which he is entitled to affirmative relief, and such cause of action arises out of the transaction set forth in the complaint or is connected with the subject of the action,

then he may plead it as a counterclaim. In this case the defendant's counterclaim is not only connected with the subject of the plaintiff's action, but it also arises out of the transaction set forth in the complaint. It is hardly necessary to answer the contention that there is no new matter set out in the counterclaim, and so it is bad on that account. The facts set up in the counterclaim are not stated in the complaint, and it was not necessary to state them in order to make out the plaintiff's case. This question as to the sufficiency of a counterclaim, and when it may be pleaded, is discussed to some extent in the case of *Grignon v. Black, post,* p. 674.

*By the Court.*— The order of the circuit court is affirmed, and the cause is remanded for further proceedings.