WELD and others, by guardian *ad litem*, Appellants, vs.. THE JOHNSON MANUFACTURING COMPANY, Respondent.

*November 29, 1893 — March 16, 1894.*

*Partnership: Conveyance of land by surviving partner to corporation formed to continue business: Payment of debts: Ejectment by heirs of deceased partner: Counterclaim: Demurrer: Accounting.*

1. In ejectment by the heirs of a deceased partner against a corpora-- tion for an undivided half of partnership lands which had been conveyed to it by the surviving partner, the answer alleged, as a counterclaim, that at the time of the death of plaintiffs' ancestor the indebtedness of the firm was about $21,000, and its assets consisted of the lands in question and other lands, and personal property worth not to exceed $10,000 ; that in order to pay said indebtedness and carry out the contracts of the firm it was necessary that its business should be continued; that the formation of a corporation, to which the firm property should be conveyed and which should assume said indebtedness and perform said contracts, was necessary for the accomplishment of said purposes and for the interest of plaintiffs, as heirs of the deceased partner, and of his estate, and to prevent a sacrifice of the property ; that the defendant corporation was accordingly organized by the surviving partner and the administrator and widow of the deceased, said widow being also guardian of the plaintiffs ; that all of the firm property was conveyed to the corporation, and in consideration thereof stock to the amount of over $10,000 was issued to the surviving partner and to plaintiffs' guardian for them, and $500 was paid to said widow ; that the corporation has continued the business of the firm, and has applied all of its said property, to the full value thereof, to the payment of said $21,000 indebtedness. The prayer is that the title to the land be adjudged to be in the defendant, and that plaintiffs be adjudged to have no interest therein, etc. *Held*, that the counterclaim failed to show that such disposition of the lands by the surviving partner was a necessary or proper one in order to pay the debts of the firm, and hence failed to show that defendant was entitled to the relief demanded.

2. As the land was personal property in the hands of the surviving partner until the firm debts were paid, and plaintiffs could not, until then, recover possession of it, and as it does not appear that all of such debts have been paid, the answer is good as a defense, though not as a counterclaim. WINSLOW, J., dissents.

3. Plaintiffs' remedy would seem to be, not by ejectment, but by an action for an accounting by the surviving, partner, in which all persons interested should be made parties. Such an accounting could not be had in the ejectment action, because of the absence of necessary parties, and the counterclaim could not be amended so as to bring them in.
4. Plaintiffs having demurred to the counterclaim, and the facts stated therein being held to constitute a defense, an order striking out the demurrer is affirmed. ORTON, J., and LYON, C. J., dissent.

APPEAL from the Circuit Court for *Brown* County.

Ejectment. The facts are stated in the opinion. The plaintiffs appealed from an order striking out their demurrer to a counterclaim in the answer.

For the appellants there was a brief by *M. .C. Phillips*, attorney, and *Gary & Forward*, of counsel, and oral argument by *M. C. Phillips* and *George Gary*. They argued, among other things, that by the transactions alleged in the counterclaim R. S. Johnson abdicated and waived his right to possession of the land in question as surviving partner. *Wellborn v. Coon*, 57 Ind. 270, 273–4; 2 Bates, Partn. sec. 717; *Griffin v. Spence*, 69 Ala. 393; 16 Am. & Eng. Ency. of Law, 1156. The defendant corporation, organized as it was to continue the business with the firm's assets, took no title as against the plaintiffs. *Tiemann v. Molliter*, 71 Mo. 512. When Johnson relinquished his possession of the land in dispute and all the property of the firm, and waived his right to wind up the partnership affairs, the plaintiffs, to whom the title descended subject to the claims of the creditors of the firm, were entitled to the possession, as the administrator did not take it. 1 Bates, Partn. sec. 293; *Martin v. Morris*, 62 Wis. 418; *Pierce v. Covert*, 39 id. 252; *Shanks v. Klein*, 104 U. S. 18; *Jones v. Billstein*, 28 Wis. 221; *Filbey v. Carrier*, 45 id. 469. The whole transaction was fraudulent and void as to these plaintiffs. See *Israel v. Silsbee*, 57 Wis. 222; *Hoyt v. Sprague*, 103 U. S. 613; *Francklyn v. Sprague*, 121 id. 215; *Sprague Mfg. Co. v. Hoyt*, 29 Fed. Rep. 421.

*Geo. W. Bird* and *F. C. Weed,* for the respondent, contended, *inter alia,* that the land in question was to be regarded as personal property of the firm within the exclusive control of the surviving partner, R. S. Johnson, who had the unquestioned right to manage and dispose of it, not only for the purpose of paying the partnership debts and distributing its effects, but for all proper and necessary purposes, needs, and requirements of the partnership. The facts stated in the counterclaim, therefore, constitute a good cause of action. *Shanks v. Klein,* 104 U. S. 18; *Sprague Mfg. Co. v. Hoyt,* 29 Fed. Rep. 421; *Hoyt v. Sprague,* 103. U. S. 613; *Clay v. Field,* 34 Fed. Rep. 375; *Allen v. Withrow,* 110 U. S. 119; *Favill v. Roberts,* 50 N. Y. 222; *Williams v. Whedon,* 109 id. 333; *Evans v. Hawley,* 35 Iowa, 83; *Hewitt v. Rankin,* 41 id. 35; *Paige v. Paige,* 71 id. 318; *Van Aken v. Clark,* 82 id. 256; *Walling v. Burgess,* 122 Ind. 299; *Hanson v. Metcalf,* 46 Minn. 25; *Andrews' Heirs v. Brown's Adm'r,* 21 Ala. 437; *Murphy v. Abrams,* 50 id. 293; *Davis v. Smith,* 82 id. 198; *Dupuy v. Leavenworth,* 17 Cal. 262; *Bird v. Morrison,* 12 Wis. 138, 153; *Fowler v. Bailey,* 14 id. 125; *Pierce v. Covert,* 39 id. 252; *Bergeron v. Richardott,* 55 id. 129; *Martin v. Morris,* 62 id. 418; *Riedeburg v. Schmitt,* 71 id. 644, 651; *Fisher v. Vaughn,* 75 id. 609; *Kruschke v. Stefan,* 83 id. 373.

The following opinions were filed December 29, 1893:

ORTON, J.  This is an action in ejectment, brought by the minor heirs of Julius T. Weld, deceased, by their guardian *ad litem,* to recover from the defendant corporation the possession of an undivided one-half of certain lands in town 27, range 13 east, and $500 damages and $3,000 special damages for cutting and removing valuable timber from the premises and converting the proceeds thereof to its own use.  The answer alleges:

*First.*  That the defendant is the owner and entitled to the possession of the premises.

*Second.* As a counterclaim, that the said Julius T. Weld, deceased, and one R. S. Johnson, were copartners on the 22d day of July, 1888, and had been for six or seven years, engaged in the business of manufacturing and selling lumber, etc., under the firm name of Weld & Johnson; and that the lands described in the complaint were purchased by said firm with its partnership funds, and were used by it in connection with and to enable it to carry on its said business, and were a part of the said firm's partnership property at the time of the said Weld's death.

*Third.* That the indebtedness of said firm at the time last aforesaid amounted to about $21,000, and its assets consisted of said lands and other lands, also its partnership property, situated in the counties of Waupaca and Shawano in this state, and stock and personal property of the value of not to exceed $10,000.

*Fourth.* That at the time of said Weld's death said firm were under contracts with different persons and companies for the manufacture and delivery of a large quantity of lumber during the then coming year, upon which contracts had been advanced to it about the sum of $5,300.

*Fifth.* That in order to pay the said indebtedness and perform said engagements it was necessary that its business should be continued without interruption.

*Sixth.* That said firm was then without money or available means to accomplish said purposes, and the only satisfactory means to carry on and continue said business and obtain the necessary funds therefor was the formation of a corporation, to which should be conveyed all the property of said firm, and which should assume the payment of said indebtedness and the performance of said engagements; and the formation of said corporation was necessary for the accomplishment of said purposes, and for the interest of the plaintiffs, as the heirs of the said Julius T. Weld, deceased, and of said estate, and to pay the debts and prevent a sacrifice of the property.

*Seventh.* That thereupon said R. S. Johnson, surviving partner, Amos Rugg, administrator of said estate, and Ada L. Weld, the widow of said Julius and guardian of said heirs, entered into an agreement that such a corporation should be formed under the general law of this state for the purpose of continuing said business and the payment of said indebtedness and the performance of said engagements; and to enable it to do so, that all the property of said firm, including said lands, should be conveyed to it.

*Eighth.* That the interests of the surviving partner and of the estate should be ascertained, and thereafter represented by stock in said corporation.

*Ninth.* That in pursuance of said agreement the said Ada L. Weld, as guardian of said plaintiffs, conveyed to the said R. S. Johnson, surviving partner, all the interests of said plaintiffs in the said lands in October, 1888, by guardian deeds, and at the same time the said Ada conveyed all her interest therein as the widow of said Julius to the said Johnson, so that he might convey said interests to said corporation when formed.

*Tenth.* That the said corporation was duly formed according to the laws of this state by the name of the *Johnson Manufacturing Company*, and on the 14th day of February, 1889, the said Johnson delivered to the defendant a warranty deed theretofore duly executed by him to said defendant, whereby he duly conveyed to the defendant corporation all of the aforesaid lands of the firm; and thereupon said defendant took possession of all the said property of said firm.

*Eleventh.* That the interest of said Johnson in said firm and the interest of the plaintiffs were duly ascertained to be as follows: R. S. Johnson, $5,645.91; the estate of the plaintiffs, $4,694.61, and the stock of said corporation was duly issued to them accordingly, and the stock of the plaintiffs delivered to the said Ada L. Weld as their guardian; and there was also paid to her, in lieu of stock, the

sum of $500; and that the only consideration of said stock and said $500 was the conveyance to said corporation of said lands and property of the firm.

*Twelfth.* That said corporation has continued said business by the consent of all parties concerned, performed the engagements of the firm, and applied all of its said property, to the full value thereof, to the payment of said $21,000 indebtedness.

The prayer is that the title to the premises be adjudged to be in the defendant, and the plaintiffs be adjudged to have no interest therein, and the title be quieted in the defendant, and the plaintiffs be required to release and quitclaim to the defendant all right, title, and interest claimed by them in the premises, and for other and further relief and for costs.

To this counterclaim the plaintiffs demurred on the ground that it does not state facts sufficient to constitute a counterclaim, and on other grounds; and on motion of the defendant said demurrer was stricken from the files as being frivolous, which is tantamount to overruling it, and the plaintiffs have appealed.

1. The counterclaim fails to show any necessity for such a disposition of the said lands. First, it does not show the exact amount of the indebtedness of the firm, and what it consists of, and when due; second, it does not show the specific values of these lands or the "other lands," or what were the other lands, or what was the amount or value of the partnership property in the counties of Waupaca and Shawano; third, the corporation paid back in stock, money, and property, after the payment or assumption of the $21,000, to the amount of $10,840.52,— more than half of the debts,— which shows that there was no necessity of selling at least half of these lands; fourth, if it had been shown what the value of the "other lands" and the value of the partnership property in those two counties were,

added to or including the stock and personal property of the value of $10,000, it might, and probably would, have shown that there was no necessity of selling any of these lands; fifth, it fails to show what were the property and assets of the new corporation directly after it commenced business, and the value thereof. It fails to show what advantage it was to the estate or the heirs to continue the business of the firm in this way, and how much profit and advantage it was to the said R. S. Johnson, the surviving partner.

2. The counterclaim shows that these lands have been disposed of in violation of law. First, the guardian and the administrator had no authority to enter into such a questionable scheme on behalf of the heirs or the estate; second, the surviving partner had no right to convert these lands into stock of the corporation; third, it does not show that any of these lands were *sold* to pay debts, and does not show that they were ever offered for sale in market. But it does show that the said surviving partner, Johnson, has converted them to his own use in the name of the corporation as his instrument. Who are the directors or officers of the corporation, if there are any besides himself? This whole scheme is vague, indirect, circuitous, and utterly unsatisfactory as an accounting for these lands, as well as for the other property of the firm, and of their disposition to pay the indebtedness of the firm. There is a concealment of facts in this pleading that raises a suspicion of fraud. The guardian had no right or authority to convey these lands, or the interest of the heirs therein, to Johnson; and Johnson had no title to convey to the corporation, other than that of a surviving partner. The counterclaim does not state how much of the indebtedness of the firm of $21,000 has been paid. It only shows that all the property has been *applied* to the payment of the indebtedness of the firm, and that might be, and only a small part of it

paid.   What were those contracts of the firm, and with whom, for the manufacture and delivery of lumber, and how much was finally received by the firm on them beyond the advancement of $5,300?   By the doctrine of equitable conversion these lands were *personal property*, but only so to pay the debts of the firm.   They were to be held by the surviving partner in trust only for that purpose alone, and the surviving partner will be held, like other trustees, to a strict performance of that trust; for, beyond the payment of the debts and the adjustment of equities between the partners, these lands are real estate, and belonged to the heirs, and will descend as such.   The heirs may therefore hold the surviving partner to a strict account for the execution of this trust.   If these lands are not necessary for the payment of the debts of the firm, they are real estate to all intents and purposes, and no more of them than are necessary for such purpose can be sold.   The answer, as a counterclaim, fails to show any right to the relief demanded, and the demurrer should have been sustained.

For such an accounting as the plaintiffs have the right to demand, the presence of other parties is necessary.   R. S. Johnson, the surviving partner, must be present, to account for his management of this trust; Ada L. Weld, the widow, and as guardian, must be present; and also Amos Rugg, the administrator.   The counterclaim cannot be amended so as to bring in other parties.   *Call v. Chase,* 21 Wis. 511; *McConihe v. Hollister,* 19 Wis. 269; *Pennoyer v. Allen,* 50 Wis. 308.   The demurrer is therefore fatal to the counterclaim.   But by the above authorities the answer may be good as a defense to the action, if not as a counterclaim. The answer shows that these lands were purchased by the partnership means, and used for partnership purposes, and were, therefore, partnership personal property, to bo used in the payment of the partnership debts.   In such case they are personal property so long as the debts of the firm

remain unpaid. The answer further shows that at the time of the death of Julius T. Weld the firm of Weld & Johnson owed $21,000. The answer does not show that all of this indebtedness has been paid. Until it is paid these lands will remain as personal property in the hands of Johnson, the surviving partner, and the plaintiffs cannot recover the possession of the same in this action. It follows that the answer to that extent shows a good defense to the action. If the answer in this respect is true, the plaintiffs cannot recover. But, of course, the plaintiffs may proceed to the trial of this issue, as they may be advised.

This case appears to be in such condition as to justify this court in suggesting the proper way in which all of these matters may be adjusted. It is certainly for the interest of these heirs to ascertain as soon as may be what part of these lands, if any, are necessary for the payment of the debts of said firm, and to have the partnership affairs closed up, so that their interest in these lands, if any, may be ascertained. The plaintiffs should commence a suit in equity against the defendant corporation, R. S. Johnson, Ada L. Weld, the widow and guardian, and Amos Rugg, the administrator, and pray for an accounting by the surviving partner, Johnson, of the disposition of the property of said firm, and of the partnership transactions generally since the death of Julius T. Weld. *Clagett v. Kilbourne*, 1 Black, 346, was an action of ejectment, and the defense similar to this, in which the court advised this course to be taken. The case is closely in point, and may properly be followed in similar cases. This will bring before the court all the facts of this scheme by which these lands have been conveyed to the defendant, which are not stated in the counterclaim, for the confirmation or setting aside of this disposition of the lands; and, if found to be wrong or without authority, the court may adjudge the set-

tlement of the partnership affairs and, if found necessary, the sale of these lands, or so much of them as is required, to pay the balance of the indebtedness of the firm after the application of its other assets. If these lands, or any part of them, are not absolutely necessary for the payment of the debts of the firm, they should be released from the trust as soon as practicable, for the benefit of the heirs.

The doctrine of "equitable conversion," by which partnership lands remain personal property until the indebtedness is paid and the equities between the partners are adjusted, has grown into an elementary principle of law in this state, as shown by the following cases cited in the brief of the learned counsel of the respondent: *Bird v. Morrison*, 12 Wis. 138; *Pierce v. Covert*, 39 Wis. 252; *Bergeron v. Richardott*, 55 Wis. 129; *Martin v. Morris*, 62 Wis. 418; *Fisher v. Vaughn*, 75 Wis. 609; *Riedeburg v. Schmitt*, 71 Wis. 644; *Kruschke v. Stefan*, 83 Wis. 373. It appears also to be well established that the proper disposition of such lands by the surviving partner may be set up as a counterclaim in equity to an action of ejectment by the heirs or those holding under them. *Blodgett v. Hitt*, 29 Wis. 169; *Jarvis v. Peck*, 19 Wis. 74; *Grignon v. Black*, 76 Wis. 674; *Wilson v. Hooser*, 76 Wis. 387; *Weeks v. M., L. S. & W. R. Co.* 78 Wis. 501. The theory of the case contended for by the learned counsel of the respondent appears to be well supported by the authorities, and it fails in this case only because the counterclaim fails to state facts which show a proper and rightful disposition of these lands to pay the debts of the partnership. But in all such cases an accounting should be had, and in this case the necessary parties have not been brought in, and they cannot now be brought in by an amendment of the counterclaim. It is not a case, if the facts set up in the answer are true, to be brought by the heirs in ejectment, but should be by bill in equity for an accounting, as we have said before. The demurrer to

the counterclaim as such should have been sustained, but it may stand as a defense to the action.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.

Orton, J. (*dissenting*). The plaintiff demurred to the answer as a counterclaim only, and the court ordered the demurrer stricken from the files as frivolous, thus sustaining the counterclaim. On appeal from this order this court held the counterclaim insufficient, and the writer of the opinion, as a matter of course, entered a *reversal* of the order; but a majority of the court, while agreeing with the opinion, directed an *affirmance* of the order as the proper judgment, and it is accordingly so entered. From this entry only, I respectfully dissent.

Lyon, C. J. I concur with Mr. Justice Orton.

Winslow, J. My views in this case are, in brief, as follows: The right of a surviving partner to dispose of the partnership real estate, so far as necessary to pay partnership debts and close its affairs, is undoubted. In this case the answer shows, to my mind, no such state of facts, but rather a conveyance to a corporation, composed of the surviving partner and the widow of the deceased partner, for the purpose of continuing the old business under a change of name, with the entire assets of the old firm. I think the surviving partner, as such, had no right to make such a conveyance, and that the corporation, having notice of the purpose, acquired no title to the real estate in question thereby. However, the majority of the court were of opinion, as I understand it, that the equitable defense stated in the answer (as prescribed by sec. 3078, S. & B. Ann. Stats.), while insufficient in this action to be the basis of

affirmative relief, especially in the absence of essential parties, is still sufficient to defeat this action of ejectment, leaving the parties to litigate their equitable rights in an appropriate action in equity, when all the necessary parties may be brought before the court. Under this view of the law it seems clear to my mind that the proper judgment is that of affirmance.

A motion for a rehearing was denied March 16, 1894.