'CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant, vs. McKEIGUE, Administrator, and another, Respond-ents.

*December 15, 1905—January 9, 1906.*

*Pleading: Equitable defense: Counterclaim: Injunction: Adequate remedy at law.*

.1. As a rule, in an action at law facts which in equity simply de-feat the action may be set up as a defense only, while facts which call for affirmative relief in favor of the defendant be-fore the action can be defeated must be set up by counterclaim. In ejectment, however, under sec. 3078, Stats. 1898, a purely equitable defense must always be pleaded by way of counter-claim.

2. In an action by an administrator for personal injuries to his in-testate in his lifetime, the fact that the person who would be entitled to receive all the damages recovered has settled with defendant and released all claims may be pleaded as an equi-table defense. To defeat the action on that ground would be a complete remedy, and defendant is therefore not entitled to maintain an action to restrain the administrator from prose-cuting the action for damages.

APPEAL from orders of the circuit court for Rock county: B. F. DUNWIDDIE, Circuit Judge. *Affirmed.*

*Edward M. Hyzer,* for the appellant.

For the respondents there was a brief by *Ryan & Oestreich,* attorneys, and *Chas. E. Pierce,* of counsel, and oral argument by *Edward H. Ryan.*

WINSLOW, J. This is an action in equity brought to restrain the prosecution of an action at law theretofore brought by the defendant *McKeigue* as administrator against the plaintiff. It appears by the complaint, in brief, that one Broderick was employed by the plaintiff as switchman, and on the 16th day of July, 1904, was so injured in course of his employment that he died about three hours later intestate, leaving no widow, descendants, or ancestors surviving, but only his sister, the defendant *Johanna Murphy,* his sole heir at law; that *Johanna Murphy* thereafter claimed damages of the plaintiff on account of Broderick's injuries; that said claim was afterwards and in the month of August, 1904, compromised and settled by the payment to said *Johanna* by plaintiff of $1,000; that said *Johanna* thereupon executed and delivered a written release of all claims resulting from said injury and death and agreed to save and keep the plaintiff harmless from all claims against it by heirs at law or personal representatives of Broderick; that the defendant *McKeigue* was appointed administrator of the estate of Broderick in September, 1904, and that the time fixed for presentation of claims against said estate has fully expired and but one claim was presented and allowed; that the property of the estate in the hands of the administrator is largely in excess of the amount of said claim, and that there are no other creditors; that in October, 1904, said *McKeigue,* as administrator, commenced an action against the plaintiff to recover damages for the pain and injuries suffered by Broderick in his lifetime; and that if a recovery is had in said action the amount thereof will be received by said *Johanna Murphy* as sole heir at law of Broderick, thereby nullifying the said

compromise and satisfaction. Upon these allegations the plaintiff prayed judgment that the prosecution of the action at law be perpetually enjoined. Separate demurrers to this complaint were sustained, and the plaintiff appeals.

The appellant claims that the allegations of the complaint present a case where it appears that a trustee is prosecuting an action at law upon a claim which has been settled and compromised by the sole beneficiary (who is *sui juris*), and that a court of equity will interfere to prevent the accomplishment of such an injustice. Granting this premise, the question is whether the plaintiff has not an adequate and complete remedy by equitable defense in the action at law. The plaintiff claims, in substance, that this question must be answered in the negative for the reason that the facts must be presented by way of equitable counterclaim, and to that counterclaim *Johanna Murphy* would be a necessary party, and as she is not a party to the action at law the counterclaim would not be well pleaded on account of defect of parties, or at least would not be as adequate and effective as the separate action in equity. The contention practically is that there is no such thing as an equitable defense; but that facts which in equity would defeat the plaintiff's claim at law must always be pleaded as a counterclaim, if pleaded at all in the action at law. We do not understand this to be the law. The Code recognizes equitable defenses as well as equitable counterclaims when it provides that the defendant may "set forth by answer as many defenses and counterclaims as he may have, whether they be such as were formerly denominated legal or equitable, or both." Stats. 1898, sec. 2657. It seems to be true that there are decisions to the effect that a defendant cannot plead facts which in equity would defeat the plaintiff's cause of action at law, except by way of counterclaim demanding affirmative relief. Pomeroy, Code Rem. (4th ed.) § 29. This, however, is not the approved doctrine, nor is it a logical doctrine. The true and logical rule doubt-

less is that where facts are relied on which in equity simply defeat the plaintiff's cause of action and go no further, they may be set up by equitable defense, just as facts which at law go simply to defeat the plaintiff's cause of action may be set up by legal defense, but in those cases where the action at law can only be defeated by virtue of an affirmative judgment by a court of equity, such for instance as the reformation of a contract sued on at law, the equitable defense must be made by way of counterclaim. In a word, facts which if true simply defeat the plaintiff's action may be set up as a defense alone, but facts which call for affirmative relief in favor of the defendant before the plaintiff's action can be defeated must be set up by counterclaim. Bliss, Code Pl. (3d ed.) §§ 347, 348, 349; Pomeroy, Code Rem. (4th ed.) §§ 90, 91, 92; Baylies, Code Pl. & Pr. (2d ed.) ch. 11, § 11. See, also, *Pennoyer v. Allen,* 50 Wis. 308, 6 N. W. 887.

Applying this rule to the complaint before us, it is very evident that the plaintiff has a complete remedy by equitable defense in the action at law. The object of the present action is simply to defeat the plaintiff's action at law. No affirmative relief to the defendant is necessary to accomplish that object. The only result desired or necessary in this action is to prevent any judgment against the railroad company in the action at law. That may be accomplished by defense in the legal action brought by the administrator alone as well as by the prosecution of this equitable action to which *Johanna* is a party, for *Johanna* has no right of action herself. Hence the demurrers were properly sustained. *Pennoyer v. Allen, supra.* It may properly be noted before leaving the subject that there is an exception to the rules above stated, well settled in this state. In actions of ejectment a defense which is purely equitable and would not be available at law must be pleaded by way of counterclaim. The reason of this rule is that an equitable defense concedes the legal title to be in the plaintiff, so in order to bring the title and possession

together affirmative relief must be sought by the defendant, and hence the ejectment statute requires that in case of an equitable defense the answer shall contain a demand for such judgment as the defendant claims, *i. e.* must be framed as a counterclaim.    Stats. 1898, sec. 3078; *Lombard v. Cowham,* 34 Wis. 486; *Du Pont v. Davis,* 35 Wis. 631; *Lawe v. Hyde,* 39 Wis. 345; *Dobbs v. Kellogg,* 53 Wis. 448, 10 N. W. 623; *Appleton Mfg. Co. v. Fox River P. Co.* 111 Wis. 465, 87 N. W. 453.    This rule, however, is peculiar to ejectment actions and does not affect the rule above stated with reference to actions generally.    Mr. Pomeroy, in his work on Code Remedies (4th ed.), at sec. 29 seems to have thought that the rule laid down in these cases applied to all actions; but this is plainly an erroneous idea.

*By the Court.*—Orders affirmed.