Schmidt, Respondent, vs. Deegan and another, Appellants.

*September 3 — September 20, 1887.*

*Action for causing death: Compromise: Escrow: Parties.*

1. Although the personal representative of a deceased person is the proper party to sue the person who wrongfully caused his death, to recover damages therefor, yet the widow of the deceased is, under sec. 4256, R. S., the person entitled to all the damages recov-

Schmidt vs. Deegan and another.

ered in such action, and she has power, therefore, to settle for such damages, and to sue for the possession of the securities given for her benefit upon such settlement.

2. The delivery of a note and mortgage, given in settlement of a cause of action for causing the death of the husband of the beneficiary therein, to a third party, to·be delivered to her on her executing and delivering a good and sufficient release and satisfaction of her claim, is a delivery in escrow, and upon her tendering such a release to the person holding the securities she is entitled to their possession.

APPEAL from the Circuit Court for *Ozaukee* County.

This is an appeal by defendants from an order overruling their demurrer to the plaintiff's complaint. The grounds of the demurrer were that the plaintiff had no legal capacity to sue; that the personal representative of the deceased should have been made plaintiff or should be joined as such; and that the complaint does not state facts sufficient to constitute a cause of action. The cause of action and the allegations of the complaint are sufficiently stated in the opinion.

For the appellants the case was submitted on the brief of *Gerpheide & McKenna*. They argued that the rule, that an action for wrongfully causing death can only be brought by the personal representive of the deceased, ought to apply to a case like this. *Whiton v. C. & N. W. R. Co.* 21 Wis. 305; *Woodward v. C. & N. W. R. Co.* 23 id. 400. The complaint should show that the plaintiff has sustained some pecuniary loss by the death of her husband. *Regan v. C., M. & St. P. R. Co.* 51 Wis. 599. There was no delivery of the note and mortgage to the plaintiff for any purpose. The maker had not divested himself of the control of them, but had simply delivered them to his own agent, and had revoked the agent's authority to deliver them before they werè demanded by the plaintiff. Boone on Real Property, 295; *Younge v. Guilbeau*, 3 Wall. 641; *Parmelee v. Simpson*, 5 id. 81; *Fitch v. Bunch*, 30 Cal. 213; *Prutsman v. Baker*,

30 Wis. 644. An instrument delivered as an escrow does not take effect until the condition is performed, and in this case the bargain was repudiated before that was performed. Cases cited in 23 Cent. L. J. 8.

*S. S. Barney*, for the respondent, argued that the cause of action belonged solely to the plaintiff, and she only could settle it. *Woodward v. C. & N. W. R. Co.* 23 Wis. 400. The personal representative of the deceased, though the proper plaintiff in a suit for damages, could not control the action as against the widow. Hawes on Parties, sec. 2; *State v. Layman*, 46 Md. 190; *Eckford v. Hogan*, 44 Miss. 404. The consideration for the note and mortgage was good,—the compromise of a valid cause of action. *Kercheval v. Doty*, 31 Wis. 476; *Zimmer v. Becker*, 66 id. 527; *Turner v. Burnell*, 48 id. 221; *Bergenthal v. Fiebrantz*, 48 id. 435; *Harris v. Kennedy*, id. 500; 1 Wharton on Contracts, sec. 532; *Fisher v. May's Heirs*, 2 Bibb (Ky.), 449; *Reed v. Bartlett*, 19 Pick. 273; *Union Bank v. Geary*, 5 Peters, 99, 114. In an equitable action like this, or even in one upon the securities, it is not necessary to allege a consideration. *Bank of Orleans v. Barry*, 1 Denio, 116; *Douglass v. Howland*, 24 Wend. 35; *Burbank v. French*, 12 Wis. 376; *Davis v. Barron*, 13 id. 227. The delivery in escrow placed these instruments out of the power of the grantor. *Prutsman v. Baker*, 30 Wis. 644; *Fitch v. Bunch*, 30 Cal. 213; *Stanton v. Miller*, 65 Barb. 58. And they took effect immediately upon the performance of the condition. Martindale on Conveyancing, sec. 226; Boone on Real Property, secs. 295, 296; *Shirley's Lessee v. Ayers*, 14 Ohio, 308; *Couch v. Meeker*, 2 Conn. 302; *Heckman v. Swartz*, 64 Wis. 48.

COLE, C. J. We fail to see any force in the objection that the plaintiff has no legal capacity to sue, but that this action should have been brought by the personal representative of the deceased. The plaintiff is a *feme sole*, has the

right to sue in her own name where her interest is involved; besides, this is not an action to recover damages for the wrongful killing of her husband.   Of course, such an action, under the statute, would have to be brought in the name of the personal representative of the deceased.   But this action is to recover the note and mortgage which the defendant executed in settlement of the damages for wrongfully killing plaintiff's husband.   It seems to us there can be no doubt but the plaintiff had authority to settle with the defendant for these damages.   She was the beneficiary under the statute, and would be entitled to any damages which the personal representative might have recovered in an action brought for her benefit.   We can therefore see no possible objection to sustaining a settlement made by her, and giving her the full fruits of it.   If the allegations of the complaint show that the note and mortgage belong to her, why may she not bring a suit to secure possession of them?   It is well settled that a court of equity will direct the delivery of title deeds and other instruments to the party entitled to them.   2 Story, Eq. Jur. §§ 703–705, and 906.   If the facts stated show that the note and mortgage are improperly withheld from the plaintiff, and that she . has an equitable and legal right to them, she should have a judgment for the specific delivery of them.

Now recurring to the complaint, we find it alleged that the defendant, *Deegan*, willfully killed the plaintiff's husband; that a suit was about to be instituted against him to recover damages for causing such death; that *Deegan* heard of this premeditated suit, and made overtures of settlement with the plaintiff; that thereupon it was agreed by and between *Deegan* and the authorized agent of the plaintiff that *Deegan* should make, execute, and deliver, to one Schwin, in trust for the plaintiff, a promissory note in the sum of $1,550, due one year from date, and a mortgage to secure the payment of the same, which the plaintiff agreed to ac-

cept in full satisfaction and settlement of the claim against *Deegan* for killing her husband. Nothing is alleged tending to discredit the *bona fides* and fairness of this settlement; and if the plaintiff had the right to make it,— as we think she had,— there is no reason why it should not be enforced. We have already said that the plaintiff was the real party in interest in the cause of action for the unlawful killing of her husband, and that any recovery of damages by the personal representative would have been for her exclusive benefit. She therefore had the right to settle the claim for her injury or pecuniary loss, and it seems needless to observe that, *prima facie*, the settlement was founded upon an adequate legal consideration. And this brings us to the real difficult question in the case, namely, whether the note and mortgage were delivered so as to give effect to them in law, and vest the plaintiff with the right to their possession.

It is in effect alleged that on the 9th of September, 1886, in Ozaukee county, *Deegan* made and executed a note and mortgage according to agreement, and at the time and place delivered these securities to his co-defendant, *Agez*, to deliver the same to the plaintiff, when the plaintiff should execute and deliver to the depositary a good and sufficient release and satisfaction for her claim for damages against *Deegan;* that the plaintiff was not personally present at the time of the execution of the note and mortgage, and *Deegan* desired to have the release signed by the plaintiff in person. That thereafter, on the 13th of September, 1886, the plaintiff did make and execute to *Deegan* a full and complete release and satisfaction, in writing, of her claim against him, and offered the same to *Agez*, and demanded of him the delivery of the note and mortgage, which *Agez* refused to deliver, for the reason that he had been instructed by *Deegan* not to deliver them. It is further alleged that the trustee afterwards assigned to the plaintiff all his right and title to the note and mortgage, and that both the trustee

and plaintiff, jointly and severally, demanded of *Agez* that he deliver them up, offering at the same time to him the release, but *Agez* refused to accept the release, or deliver the note and mortgage, but retained possession of them.

The question now is: Do these allegations show that the note and mortgage were delivered to *Agez* as an escrow, he to keep them until the plaintiff should execute and tender to him her release for damages, and then deliver them to her. We think they do. There was a conditional delivery of the securities to *Agez*, to be kept by him until the plaintiff executed and tendered her release for damages, when they were to be delivered to her. This is the natural and obvious meaning of the facts stated. The condition having been performed, the plaintiff is entitled to the possession of the note and mortgage. Says DIXON, C. J., in *Prutsman v. Baker*, 30 Wis. 644: "A conditional delivery is and can only be made by placing the deed in the hands of a third person, to be kept by him until the performance of some condition or conditions by the grantee, or some one else, or until the happening of some event, when, upon the performance or happening of which, the deed is to be delivered over by the depositary to the grantee." Again: "It follows, in case of conditional delivery, or where the instrument has been deposited as the writing or escrow of the grantor, that it does not become the grantor's deed, and that no estate passes until the event has happened upon which it is to be delivered to the grantee, or until the *second* delivery or redelivery, as it is sometimes called, by the depositary to the grantee. Whether in such case actual delivery to the grantee is necessary in order to give effect to the instrument as the deed of the grantor, seems not to be very well settled, but the inference would appear to be that it is not. The indication from the authorities quite clearly is that it becomes the grantor's deed the moment the condition has been performed or the event has happened, upon which the

grantee is entitled to the possession of it, and that thence-forth the depositary or holder is regarded as the mere agent or trustee for the grantee."

These remarks of the chief justice are quite applicable to the facts stated in the complaint, and clearly show that the note and mortgage were delivered to *Agez* as an escrow, he to hold them until the plaintiff had executed her release and tendered it to him, which it appears she has done. She is therefore entitled to the possession of the securities.

. The learned counsel for the defendants insists that the com-plaint shows that there was no delivery of the note and mortgage by *Deegan*, because, he says, the latter retained control of them, and had the right to recall them while in the hands of *Agez*, who was simply his agent. We do not think this is a fair construction of the averments of the complaint. Not a fact is stated which justifies the as-sumption that *Agez* was the mere agent of *Deegan* alone, so that the latter had the right to recall the note and mort-gage while in his hands. The case is precisely the same as it would have been had the note and mortgage been deliv-ered to *Agez*, to hold, until the plaintiff paid him $1,550, for the maker, and then were to be delivered over to the payee. As soon as the condition was performed or pay-ment made, the securities would take effect and belong to the plaintiff. Nor could *Deegan* recall them until the plaint-iff had had time to comply with the condition. In the *Prutsman Case* the grantor was to have control of the deed during his life; it was therefore held there had been no valid delivery. If the note and mortgage were subject to be recalled before delivery to the plaintiff, a different ques-tion would be presented. But this is not the case. A full and fair settlement of the cause of action for damages had been made by the parties, and these securities were given in pursuance of that settlement. They were not delivered to her at the time of execution, because she did not happen

to be present, so as to execute the release. This was the only thing to be done to complete the arrangement. *Deegan* parted with the control of his note and mortgage. He placed them in the hands of a third party, with the intent that they should take effect when the release was executed and delivered to this third party. As we view the transaction, *Deegan* did not reserve the power of recalling the securities, or taking them out of the possession of *Agez*.

The counsel for the defendant refer us to *Younge v. Guilbeau*, 3 Wall. 636; *Parmelee v. Simpson*, 5 Wall. 81; *Fitch v. Bunch*, 30 Cal. 208,— in support of the position that the note and mortgage in this case were never delivered. But those cases in their facts are so unlike the one at bar that they require no comment. In the California case a deed was deposited by the grantor with a third person, to be delivered to the grantee upon the order of the grantor; and it was held that it was not an escrow, but remained in the possession of the grantor. But this whole subject of the conditional delivery of instruments, and when they will take effect, is so thoroughly examined in the *Prutsman Case* that it is unnecessary to discuss it further here. In our view, the complaint shows that the note and mortgage in question passed beyond the control of *Deegan;* that he placed them in the hands of *Agez*, with the intent that they should be delivered to the plaintiff when she executed her release, in order to complete the settlement which had been made. And as she performed the condition, she is entitled to the possession of the securities.

It follows from these views that the order of the circuit court overruling the demurrer was correct, and must be affirmed.

*By the Court.*— Order affirmed.