The denials of the defendant Joseph A. Farrell are not sufficiently explicit to overcome the effect of the testimony quoted, and the judgment as against him should stand. The evidence is not sufficient to justify the conclusion that the defendant John F. Farrell either pulled the staple of the lock on the gate, or took part in turning the horses into the lots.

Judgments of the county court and city court of Albany as against the defendant John F. Farrell reversed, and as against the defendant Joseph A. Farrell affirmed, without costs in this court. A new trial granted in the city court of Albany as against the defendant John F. Farrell. All concur.

---

## DOYLE v. NEW YORK, O. & W. RY. CO.

(Supreme Court, Appellate Division, Fourth Department. November 26, 1901.)

1. RAILROADS—NEGLIGENCE—ACCORD AND SATISFACTION—FRAUD—TENDER OF AMOUNT RECEIVED.

   Where the only heir at law and next of kin of deceased settles with a railroad company for negligently causing decedent's death, and subsequently repudiates the settlement on the ground of fraud, he must tender the amount received, as a condition precedent to maintaining an action for the company's negligence.

2. SAME—WHO MAY MAINTAIN ACTION.

   Under Code Civ. Proc. § 1903, providing that damages recovered in an action for causing death by negligence are for the benefit of decedent's husband or wife and next of kin, the right of action for an unmarried son's death belongs to the father, where the mother is dead and there are no heirs or next of kin.

3. SAME—SETTLEMENT—EFFECT OF ATTORNEY'S LIEN FOR COSTS—PROCEDURE.

   An attorney's lien on his client's cause of action for fees and costs under Code Civ. Proc. § 66, where a plea of accord and satisfaction has been interposed, cannot be enforced without an order of court to allow the prosecution of the action notwithstanding the settlement.

4. ACCORD AND SATISFACTION—RECEIPT OF MONEY BY DECEDENT'S ONLY HEIR—FRAUD—SUBSEQUENT APPOINTMENT AS ADMINISTRATOR—EFFECT ON SETTLEMENT.

   Where the only heir at law and next of kin of a decedent accepted a sum of money in satisfaction for the damages sustained by the negligent killing of his son, his subsequent appointment as administrator, and substitution as plaintiff in an action to recover for his son's death, relate back to the death of his intestate, so as to validate the settlement made, and render it as effectual as though made after such appointment and substitution.

Appeal from trial term, Oswego county.

Action by John Doyle, as administrator, etc., against the New York, Ontario & Western Railway Company. Judgment for plaintiff, and defendant appeals. Reversed.

The verdict rendered was what is called a "sealed verdict," and was in the words and figures following, namely: "$1,200, less the $800 already paid, $400." Four hundred dollars was regarded as the amount found by the jury to be due to the plaintiff, and the judgment appealed from is made up of said sum and the costs of the action. The action was commenced on the 18th day of October, 1897, by one David Y. Leslie, as administrator of the estate of one Jacob Doyle, deceased, to recover damages claimed to have been sustained by the heirs at law and next of kin of said Jacob Doyle because of

his death, alleged to have been caused through the negligence of the defend-
ant, and on account of which the deceased was struck and killed by one of
defendant's trains on the morning of September 3, 1897, at a point where a
highway crosses defendant's railroad in the town of Hastings, Oswego county,
N. Y. Jacob Doyle at the time of his death was a resident of the county
of Oswego. He died intestate, and left, him surviving, his father, John
Doyle, this plaintiff, who was his only heir at law and next of kin. He also
left, him surviving, a brother, Frank Doyle. On the 21st day of September,
1897, said David Y. Leslie, who was a resident of the city of Syracuse, N. Y.,
was appointed administrator of the estate of Jacob Doyle, deceased, by the
surrogate's court of Oswego county, upon the joint petition of said David Y.
Leslie and of said Frank Doyle; it being alleged in the petition that John
Doyle, the father, and Frank Doyle, the brother, were residents of Canada.
It also appeared that each of them had renounced their right to letters of
administration. Thereafter, and on the 18th day of June, 1898, upon the
petition of John Doyle, this plaintiff, by which the fact appeared that he
was a resident of this state, and that he was the only heir at law and next
of kin of his son Jacob Doyle, deceased, an order was made by the surro-
gate's court of Oswego county revoking the letters of administration granted
to David Y. Leslie; and on the 11th day of July, 1898, John Doyle, this plain-
tiff, was duly appointed administrator in his place and stead, and he imme-
diately entered upon the discharge of his duties, and is now acting as such
administrator. On the 16th day of December, 1898, John Doyle, as such ad-
ministrator, was duly substituted as plaintiff in this action in the place of
the said David Y. Leslie by an order duly made at a special term, and he
thereupon assumed control of and undertook its prosecution. On or about
the 29th day of December, 1897, more than six months before John Doyle
had been appointed administrator as aforesaid, and before he had been sub-
stituted as plaintiff, he assumed to settle the cause of action upon which this
suit is brought, and received from the defendant upon such settlement the
sum of $800, being in full of all claims and demands which he had against
the defendant on account of its alleged negligence in causing the death of
his son. After John Doyle was appointed administrator in the place of Les-
lie, and after his substitution as plaintiff in this action, he served upon the
defendant an amended complaint alleging such facts. Thereupon the defend-
ant served an amended answer, in which it alleged, among other things, that
the plaintiff, John Doyle, was the only heir at law and next of kin of his
son Jacob Doyle, deceased; that he alone was entitled to any and all dam-
ages which resulted from the death of his said son; that he had settled such
cause of action in full; that such settlement was evidenced by an instrument
in writing duly executed by him; and that he had received from the defend-
ant the sum of $800 upon such settlement, no part of which he had returned
or offered to return to it. The defendant also alleged that it was not guilty
of negligence which caused the death of Jacob Doyle, but that it resulted
because of the negligence of the deceased, and judgment was demanded that
the complaint be dismissed, with costs. Upon the issues thus joined the case
came on for trial. Upon the trial evidence was given tending to establish
negligence on the part of the defendant, and freedom from contributory negli-
gence on the part of the deceased. It also appeared that the plaintiff, John
Doyle, had settled the cause of action set forth in the complaint substantially
as alleged in defendant's answer; that he had received from the defendant
the sum of $800 upon such settlement, which he had retained, and had in no
manner tendered or offered to return the same to the defendant. The plain-
tiff contended that such settlement was void because of the fraud of the de-
fendant's agent in procuring the same to be made, and evidence was given
tending to support such contention; but it was not contended by the plaintiff,
and no proof was given tending to show, that he had tendered back or offered
to refund to the defendant the $800 which concededly he had received from
it. At the close of the evidence defendant's counsel moved for the dismissal
of the complaint upon the ground, among others, that the plaintiff had not
tendered back to the defendant the $800 which he had received from it upon
the settlement of the action. The motion was denied, and an exception was
duly taken. The learned trial court then submitted to the jury the questions

of defendant's negligence and of plaintiff's intestate's contributory negligence. He also directed the jury, in case they found for the plaintiff upon those two propositions, to determine whether or not the alleged settlement was procured through fraud; instructing them that, if it was not, the plaintiff could not recover, but, if it was, the plaintiff might recover such damages as they found he was entitled to, but in that case they should credit the defendant with, and deduct from the amount of damages found, the $800 received by the plaintiff upon such settlement. The defendant's counsel requested the court to charge that, if the jury found that there was no tender back to the defendant of the $800 paid in settlement of the case, they must find for the defendant. The request was denied, and an exception duly taken. The jury thereupon retired and rendered the verdict as quoted above. From such verdict it is evident that the jury found that the defendant was guilty of negligence which caused the injuries complained of; that plaintiff's intestate was free from contributory negligence; that the settlement of the cause of action was made by the plaintiff as alleged in defendant's answer; that such settlement was procured through fraud, and was therefore not binding upon the plaintiff; that the plaintiff had received $800 upon such settlement; that he had not returned the same to the defendant or tendered it back; and the jury credited the defendant with such sum, and deducted it from the amount of the damages which it found the plaintiff had sustained on account of his son's death. The only question which need be considered upon this appeal is whether or not the plaintiff was entitled to recover in this action, in view of the fact that he had not returned or tendered back to the defendant the amount received by him upon the alleged settlement of the cause of action.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Edelle Bartlett, for appellant.
George F. Quinn, for respondent.

McLENNAN, J. It is elementary, as a general proposition, that, in order to rescind a contract on the ground of fraud, there must not only be a disaffirmance of it at the earliest practicable moment after the discovery of the fraud, but a return of all that has been received under it, and the restoration of the other party to the condition in which he stood before the contract was made. Cobb v. Hatfield, 46 N. Y. 533. In Masson v. Bovet, 1 Denio, 69, 43 Am. Dec. 651, the court said:

"The party who would disaffirm a fraudulent contract must return whatever he has received upon it. This is on a plain and just principle. He cannot hold on to such part of the contract as may be desirable on his part, and avoid the residue, but must rescind in toto, if at all."

In Gould v. Bank, 86 N. Y. 75, it was held that a creditor who enters into a compromise of a disputed claim, and thereunder receives a payment, cannot maintain an action on his original claim, on the ground that he was induced by fraud to make the compromise, without first returning or tendering, before bringing the action, the sum paid him, to the debtor, without qualification or condition. It would seem to be the contention of the respondent that the rule adverted to does not apply to an action for negligence. We can conceive of no reason why the rule is not applicable to such actions, and we think no case can be found which holds to the contrary. Shaw v. Webber, 79 Hun, 307, 29 N. Y. Supp. 437, was an action to recover damages for personal injuries alleged to have been sustained by the plaintiff

through the negligence of the defendant.    It was shown that the plaintiff had executed a release discharging the defendant from all claims for damages, at the time of the execution of which she was paid $100 by the defendant.    The plaintiff did not return or offer to return the $100, and it was insisted by defendant that for that reason the action could not be maintained.    The court held that the action was maintainable, but solely for the reason that there was evidence which would justify the jury in finding that the $100 was paid by the defendant to the plaintiff as a gift, and not in settlement of the cause of action, and that the release was executed by the plaintiff in ignorance of its contents, and through the fraud of the defendant.    In other words, that case simply held that as there was evidence tending to show that the $100 was not paid or received in settlement of the cause of action, but as a gift, the plaintiff was entitled to retain it, and recover the full amount of damages which she had sustained, wholly independent of such gift.    The case of Cleary v. Light Co. (Sup.) 19 N. Y. Supp. 951, affirmed in 139 N. Y. 643, 35 N. E. 206, was an action of negligence, in which a release was executed by the plaintiff, discharging the defendant from all claims on account of defendant's negligence.    Upon the execution of such release the defendant paid to the plaintiff the sum of $250, and it was insisted that, the plaintiff not having tendered back such sum, the action could not be maintained.    The jury found that the $250 was paid to the plaintiff, not in settlement for defendant's negligence, but for wages due and owing by it to the plaintiff, and that the release was executed by the plaintiff inadvertently and without knowledge of its contents.    Upon those facts the court held that the plaintiff might recover the full amount of damages sustained by him on account of the defendant's negligence, and wholly independent of the amount paid to him as wages.    These cases, and others to which reference might be made, in no manner conflict with the general rule that a person who seeks to rescind a contract into which he has entered through the fraud of another must return or offer to return whatever he has received under such contract.    In Lyons v. Allen, 11 App. D. C. 543, it was held that, in an action to recover for personal injuries, a party who seeks to avoid the effect of a release under seal on the ground that it was procured by fraud must first restore the consideration, and that it was no answer that the amount received had been discounted from the verdict.    In Levister v. Railroad Co., 56 S. C. 508, 35 S. E. 207, it was held that, in an action of negligence, a person executing a release cannot maintain an action for damages without offering to return the money so received, although he alleges that the release was obtained by fraud.    See Och v. Railroad Co., 130 Mo. 27, 31 S. W. 962, 36 L. R. A. 442.

The reason and justice of the rule thus laid down is so apparent that it would seem unnecessary to cite authorities in its support. Any other would permit a party to prosecute an action without taking any chances, and with means furnished by his adversary; would enable an unscrupulous plaintiff to obtain as large an amount as possible in settlement of his alleged cause of action through negotiation with the defendant, and with the funds thus obtained seek to secure

a larger sum in an action brought upon the same cause of action, and without running any risk of losing what he first obtained. In the case at bar, if the jury had determined that the plaintiff had sustained only $400 damages by the death of his son, the defendant could not have recovered a judgment for the amount paid to the plaintiff in excess of that sum. We then have the anomalous situation of a jury being instructed, in effect, to credit the defendant with the amount paid by it to the plaintiff, in case such sum equals or is less than the amount of damages sustained by the plaintiff, but, if the sum so paid is greater than the damages thus sustained, no credit can be given for the excess, and a final judgment as to it cannot be given. In such case a plaintiff must °offer to return the amount received upon the settlement of a cause of action, which he repudiates for fraud, before he will be permitted to enforce the same in an action at law.

It is, however, urged that the settlement of the cause of action by John Doyle was ineffectual for any purpose, because made by him individually before he was appointed administrator, and before he was substituted as plaintiff in the action; that as administrator he was not required to tender to the defendant the $800 which he as an individual received from it. The proposition is untenable. The plaintiff being the only heir at law and next of kin of the deceased, the cause of action belonged to him. By section 1903 of the Code of Civil Procedure, the entire recovery belonged to the father, the mother being dead. Under such circumstances John Doyle had an absolute right to settle his cause of action; had a right to release the defendant from any damages which belonged solely to him. Independent of any question of attorney's fees and the costs and expenses of the preceding administrator, plaintiff's right to settle his cause of action is beyond question. Such claims are not involved upon this appeal, for the action was not continued or prosecuted to· recover such costs or upon any such theory, but solely for the purpose of recovering the damages sustained by the plaintiff by the death of his son. In order that the trial might proceed for the purpose of determining the rights of plaintiff's attorneys as to costs, an order of the court authorizing it should have been obtained. Oliwill v. Verdenhalven (N. Y. City Ct.) 7 N. Y. Supp. 99; Randall v. Van Wagenen, 115 N. Y. 527, 22 N. E. 361, 12 Am. St. Rep. 828; Lee v. Oil Co., 126 N. Y. 579, 27 N. E. 1018; Coughlin v. Railroad Co., 71 N. Y. 443, 27 Am. Rep. 75; Quinlan v. Birge, 43 Hun, 483. In the latter case it was said:

An attorney "cannot proceed in an action after settlement for the purpose of enforcing his lien, without leave of the court, which in a proper case it is the practice of the court to grant on notice to all interested parties."

John Doyle, the only person interested in the recovery in this action, having been appointed administrator, such appointment relates back to the death of his intestate. Under such circumstances, his acts in respect to the estate were legalized by his appointment, and have the same force and effect as if done after the appointment was made. In Smith v. Robinson, 30 Hun, 269, which was an action by an administrator to foreclose a mortgage owned by his intestate, it appeared that before the administrator was appointed he executed a

formal discharge of the bond and mortgage in suit. It was held that upon the appointment of the administrator the discharge became valid and effective, and binding on all persons interested in the estate of the deceased. The court said:

"Letters of administration, when properly granted by the appropriate tribunal, have relation to the time of the death of the intestate, and legalize all of the intermediate acts of the administrators. After being clothed with the authority thus bestowed upon him, he is not permitted to question the validity of his own agreements and contracts, which he may have entered into in good faith prior to his appointment, concerning the property and debts of the intestate. The effect of this rule is very broad, and is so applied as to confirm and legalize the acts which he may have done, as administrator de son tort, both for and against himself. * * * Upon his appointment he becomes charged in his representative capacity, the same as if his dealings with the estate had occurred after he was vested with the legal right, and the sureties on his bond are liable to the same extent as their principal."

In Priest v. Watkins, 2 Hill, 225, 38 Am. Dec. 584, one of the two administrators, before letters granted, having a note in his possession belonging to the intestate, received pay thereon from the debtor, and this act was held to bar a suit by the administrators after their appointment. See, also, Vroom v. Van Horne, 10 Paige, 549, 42 Am. Dec. 94. In Gottsberger v. Taylor, 19 N. Y. 150, it was held that the sureties of an administrator were liable for the money belonging to the estate received by him before his appointment.

The conclusion is reached that the settlement made by John Doyle, he being the only person entitled to the damages recoverable in this action, although made before he was appointed administrator and before he was substituted as plaintiff, had the same force and effect as if made by him after such appointment and substitution, and that, not having paid back or tendered to the defendant the amount received by him upon such settlement, the defendant was entitled to a dismissal of the complaint. It follows that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide event.

Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.