McKEIGUE, Administrator, Appellant, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent.

*January 11—January 29, 1907.*

*Railroads: Negligence: Death of employee: Compromise and settlement with beneficiary: Executors and administrators: Title in assets: Duties: Trusts and trustees: Cause of action.*

1. A settlement made by a railroad company with the sole surviving heir at law of one of its employees, for injuries resulting in the death of such employee, prior to the granting of administration, is binding upon the administrator subsequently appointed, where the assets involved in the settlement are not needed by the administrator for creditors or expenses of administration, and where the assets involved in the settlement,

if recovered by the administrator, will go to the heir who made such settlement.

2. An executor or administrator is invested with the legal title to the personal property of the estate, but holds that title charged with the duty of managing and disposing of the same in accordance with the provisions of the will or of the law.

3. The duties of an administrator or executor are trust duties. In all essential respects he is regarded in courts of equity as a trustee.

4. In the broad sense of the word a trustee is one in whom some estate, interest, or power in or affecting property is vested for the benefit of another. In this sense the term includes executors, administrators, guardians, receivers, trustees in bankruptcy, factors, bailees and agents, and all persons vested with the title or control of property and charged with fiduciary duties in relation thereto for the benefit of another.

5. Beneficiaries of trust property, who are *sui juris* and whose rights are vested, may deal with and convey their equitable interests in the trust property, and the trustee will be required to convey the legal estate in accordance therewith if such action be not contrary to the terms of the trust.

6. On the administration of an intestate estate the beneficiaries of the trust are the creditors of the estate and the heirs at law, and when all creditors have been paid the heirs are the sole beneficiaries.

7. While in an action for the death of plaintiff's intestate, brought to recover damages for the sufferings of the deceased, the damages belong technically to the estate, in the absence of any creditors or other beneficiaries, the recovery is for the sole benefit of the person who is the sole heir at law, and any settlement made by such heir, if *sui juris*, is binding on the administrator.

8. In such case, if there are creditors or beneficiaries who are interested in the recovery, their rights are not affected by the settlement made by such sole heir at law.

APPEAL from an order of the circuit court for Rock county: B. F. DUNWIDDIE, Circuit Judge. *Affirmed.*

This is an action brought by the administrator of the estate of one Broderick, deceased, to recover damages received by said Broderick while in defendant's employ and alleged to have been caused by defendant's negligence. It appears by the complaint that Broderick died about four hours after receiving his injuries and as the result thereof.

The defendant by answer denied all allegations of negligence, and alleged by way of equitable defense that Broderick died intestate leaving no widow, descendants, or ancestors surviving, and but one heir at law, to wit, his sister, Johanna Murphy, who made claim against the defendant for damages on account of Broderick's injuries; that the defendant denied liability for such injuries, but that it compromised and settled said claim with said Johanna Murphy by paying her the sum of $1,000 and receiving from her a full release and discharge of all claims resulting from the injury and death of Broderick; that the time for presentation of claims against the estate of Broderick has fully expired and that but one claim of $232 has been presented; that the personal and real estate left by said Broderick amount to $1,200; and that the injuries sought to be recovered for in this action are the same injuries for which said settlement was made. A general demurrer to this equitable defense was overruled, and the plaintiff appeals.

*Edward H. Ryan,* attorney, and *O. A. Oestreich,* of counsel, for the appellant.

*Edward M. Hyzer,* for the respondent.

WINSLOW, J. The question presented by the demurrer is that which was suggested but not decided in the case of *Chicago & N. W. R. Co. v. McKeigue,* 126 Wis. 574, 105 N. W. 1030, where an independent action in equity was brought to enjoin the prosecution of the present action at law, and held not to be maintainable because the facts alleged could be set up as an equitable defense in this action. The question is thus fairly stated by the respondent:

"Is the settlement made by the defendant with Johanna Murphy, sole surviving heir at law of Broderick, deceased, prior to administration, binding upon the administrator subsequently appointed, when the asset involved in the settlement is not needed by the administrator for creditors or ex-

penses of administration, and when the asset involved in the settlement, if recovered by the administrator, will go to said Johanna Murphy?"

We think this question must be answered in the affirmative. An executor or administrator is invested with the legal title to the personal property of the estate, but he holds that title charged with the duty of managing and disposing of the same in accordance with the provisions of the will or of the law. His duties are trust duties. In all essential respects he is regarded in courts of equity as a trustee. 2 Woerner, Adm'n (2d ed.) §§ 383, 500. In the broad sense of the word a trustee is one "in whom some estate, interest, or power in or affecting property is vested for the benefit of another." Hill, Trustees, 41. In this sense the term includes executors, administrators, guardians, receivers, trustees in bankruptcy, factors, bailees and agents, and all persons vested with the title or control of property and charged with fiduciary duties in relation thereto for the benefit of another. Id.; 1 Lewin, Trusts (1st Am. ed.) 490. This is familiar law. Executors, administrators, and guardians are frequently called trustees and held to the responsibilities and duties of trustees by the courts. *Gillett v. Gillett,* 9 Wis. 194; *Hutson v. Jenson,* 110 Wis. 26, 85 N. W. 689; *Abrams v. U. S. F. & G. Co.* 127 Wis. 579, 106 N. W. 1091; *Taylor v. Hill,* 86 Wis. 99, 56 N. W. 738; *In re Thurston,* 57 Wis. 104, 15 N. W. 126; *Foote v. Foote,* 61 Mich. 181, 28 N. W. 90. It is well settled that beneficiaries of trust property, who are *sui juris* and whose rights are vested, may deal with and convey their equitable interests in the trust property, and the trustee will be required to convey the legal estate in accordance therewith if such action be not contrary to the terms of the trust. 2 Lewin, Trusts (1st Am. ed.) 684, 692. In case of an administrator the beneficiaries of the trust are the creditors of the estate and the heirs at law of the intestate. When all creditors have been paid the heirs at law are the sole bene-

ficiaries. In the present case the answer alleges the possession by the administrator of property far in excess of the claims allowed, and further that the time for the presentation of claims has expired. If, therefore, the administrator be allowed to prosecute his claim to judgment he will do 'so (under the allegations of the answer) solely in order that he may pay the net proceeds to the sole beneficiary who made a settlement of the claim with the defendant before the appointment of the administrator. If this settlement was freely and fairly made, must a court allow the claim to be prosecuted again for the sole benefit of the person who made it and who received and retains the full amount paid in settlement? The statement of the proposition seems its best answer. Such a rule would shock every natural sense of justice. Courts exist to redress or prevent wrongs, not to perpetrate them. Doubtless injustice is often inflicted by the decisions of courts, but this results from defects in legal machinery, the inability of mere human lawmakers to grasp and comprehend the effect of legislation, or from the necessary imperfection of finite judgment and reasoning, rather than from any conscious or intentional departure from the dictates of justice and right. Happily, there are no arbitrary legal rules which prevent the court from administering justice in a case such as is claimed by the answer to exist. This court has already held that the sole beneficiary of a claim for the death of one person by the act or default of another under secs. 4255, 4256, Stats. 1898 (Lord Campbell's Act), has power to make a valid and binding settlement with the wrongdoer notwithstanding the fact that any action for such damages must be brought by the personal representative of the deceased. *Schmidt v. Deegan,* 69 Wis. 300, 34 N. W. 83.

While the present action is brought to recover damages for the sufferings of the deceased and belongs technically to the estate, the essential relations of the beneficiary to the claim for damages where no creditors are interested are the same as

in the *Deegan Case*. In both cases any recovery is for the sole benefit of the person making the settlement who is *sui juris*. If she could make a valid settlement, then of course such settlement, at least in equity, becomes a bar to the prosecution of any action for her benefit by the personal representative. The precise question here presented was answered in the affirmative by the supreme court of Minnesota in *Vail v. Anderson*, 61 Minn. 552, 64 N. W. 47. The same general rule has been applied in other jurisdictions. *Foote v. Foote*, 61 Mich. 181, 28 N. W. 90; *Johnson's Adm'r v. Longmire*, 39 Ala. 143; *Walworth v. Abel*, 52 Pa. St. 370; *Woodhouse v. Phelps*, 51 Conn. 521. See, also, 22 Cyc. 222, 223. Should issue be taken on the answer and it should appear on the trial that, although the alleged settlement was made, still there are creditors or other beneficiaries who are interested in the recovery, their rights will not, of course, be affected by the settlement made with Johanna Murphy.

*By the Court.*—Order affirmed.