# Kennedy *v.* Davis.

### *Bill to Enjoin an Action at Law.*

(Decided Feb. 17, 1911. 55 So. 104.)

1. *Death; Action for; Nature.*—The action authorized by section 2486, Code 1907, is purely statutory as no such right of action existed at the common law.

2. *Same; Damages; Nature.*—In the action provided by section 2486, Code 1907, the damages are essentially punitive and not compensatory.

3. *Same; Wrongful Death; Claims; Settlement by Sole Heir and Distributee.*—As the personal representative of the decedent has no pecuniary interest in the recovery of damages under the homicide act for decedent's wrongful death, or in the judgment therefor, the sole heir and beneficiary may settle and compromise the same and execute a release which will be binding on the administrator.

4. *Executors and Administrators; Ownership of Damages for Wrongful Death.*—The damages collected in an action under the homicide act for the wrongful death of an intestate vests exclusively in the distributees of the estate, and are not assets subject to administration, the personal representative being the agent merely to collect and pay it over.

5. *Same; Necessity for Administration.*—Where there is no need for administration on an estate or where the personal property of the estate has gone where it rightfully belongs without administration, or would go from an administration, the administrator's naked legal title will not prevail in equity against one to whom the equitable title and rightful possession has passed.

6. *Injunction; Legal Proceedings; Release.*—Where a person liable for the wrongful death of another compromises a claim therefor and obtains a release from decedent's sole heir and distributee, and thereafter, the administrator of decedent's estate brings suit for such wrongful death, the release so obtained is not solely available as a defense at law, but is available in a court of equity as a basis for a bill to enjoin the suit at law.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by J. D. S. Davis against J. S. Kennedy as administrator, to enjoin a suit for damages for wrongful death of respondent's intestate. From a decree overruling demurrer to the bill respondent appeals. Affirmed.

BONDURANT & SMITH, for appellant. Section 2486, of the Code of 1907, confers a right upon the personal representative of deceased, which was not recognized at common law or in equity.—*S. & N. R. Co. v. Sullivan,* 59 Ala. 272; *Buckalew v. T. C. I. & R. Co.,* 20 South. 606. The above right is vested in the personal representative of the deceased for the sole and exclusive purpose of punishing the party at fault for his "wrongful act, omission, or negligence" which has resulted in the death of his intestate.—*L. & N. R. C. v. Robinson,* 141 Ala. 325, 37 South. 431; *A. G. S. R. Co. v. Burgess,* 116 Ala. 509, 22 South. 913; *L. & N. R. Co. v. Tegner,* 125 Ala. 593, 28 South. 510. There are no property rights of the heirs of the deceased involved in an action brought under Section 2486.—*S. & N. R. Co. v. Sullivan, supra.* Equity will not aid in the enforcement of rights, which are not known as equitable, or which are unknown at common law.—*Janey v. Buel,* 55 Ala. 411; *Smith v. Edwards,* 1 McC. 408—N. J. Eq. If courts should recognize the validity of a release executed by the sole heir and distributee as being valid the same should be considered as a legal, and not an equitable defense.—*Mattoon Gas Light Co. v. Dolan,* 105 Ill., App. 1; *Christy v. C. R. P. R. Co.,* 104 Iowa 707.

TILLMAN, BRADLEY & MORROW, and J. S. STONE, for appellee. Under the release the sole heir and distributee for a consideration agreed to release all damages and to become the administrator if one was necessary. She had a preferred right to letters.—Sec. 2529, Code 1907. While the sole heir or distributee could not maintain a suit to recover damages for the wrongful death of her parents, yet she could execute a release at any time before the appointment of an administrator which would operate in equity as a discharge of the

damages, and would exempt the party procuring the release from liability to an administrator subsequently appointed.—*Miller v. Eatman,* 11 Ala. 614; *Costephens, et al. v. Dean,* 69 Ala. 385; *Johnson v. Longmire,* 39 Ala. 147, and authorities there cited.

MAYFIELD, J.—Two questions are presented on this appeal: First. Can a sole heir and distributee, before administration and before suit brought, settle and release a claim as to damages for the wrongful death of the intestate, so far as to bar an action under the homicide statute (Code 1907, § 2486) by the administrator, who alone is authorized to bring such action? Second. Can a court of equity enjoin an action at law, brought by the administrator, under the homicide statute, to recover damages for the wrongful death of his intestate, when the sole heir and distributee has compromised with and released the wrongdoer from all damages, before administration granted or suit brought? We answer, "Yes," to both.

Appellant sued appellee under the homicide statute (Code, § 2486), to recover damages for the wrongful death of plaintiff's intestate. Appellee thereafter filed a bill in the chancery court to enjoin the action at law, upon the ground that complainant had settled in full with the sole heir and distributee of intestate, and obtained a release from all damages, action, cause of action, and right of action for such wrongful death of the intestate. The respondent demurred to the bill, assigning but one ground—that the bill had no equity. The chancellor overruled the demurrer, from which decree this appeal is taken.

It has been decided and many times reaffirmed by this court that actions under this enactment are purely statutory. There was no such action or right of action at

common law. The statute provides that the action can be brought only by the personal representative, in case the intestate is an adult, or by the parent or personal representative, in case the intestate is a minor. In the case at bar the intestate was an adult. The statute also directs that "the damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distribution."

While at common law choses in action descended to the personal representative, and he held the legal title thereto, this case is different, because the chose in action here never did belong to the intestate; the statute creates it only upon his wrongful death.—*White v. Ward*, 157 Ala. 345, 47 South. 166, 18 L. R. A. (N. S.) 568. So far as the right of action is concerned, the statute vests it exclusively in the personal representative; but, so far as the property right in the damages is concerned, the statute vests it exclusively in the distributees of intestate. The damages are not assets of the estate, for administration, except for the purpose of collection by suit, and for distribution by the personal representative to those entitled thereto. Neither the personal representative nor the creditors have any claim, right, or title to any part or interest in the damages.—*Griswold's Case*, 111 Ala. 572, 20 South. 437. The only right or duty the administrator has is to maintain the suit, and collect the damages and pay them over to the distributees. He is a mere agency and conduit, provided by the statute for bringing the suit, collecting the damages, and passing them over to those entitled thereto.

It has also been repeatedly declared by this court that the damages under this statute are essentially punitive, and not compensatory; the measure thereof be-

ing "such as the jury may assess." There is no other standard for fixing or determining the amount. It has been held that the purpose of the statute was not to compensate or recompense any one, but to mete civil punishment to the wrongdoer, and thereby prevent homicides.—*S. & M. R. Co. v. Shearer*, 58 Ala. 672; *South & N. A. R. Co. v. Sullivan*, 59 Ala. 272; *Buckalew's Case*, 112 Ala. 1446, 20 South. 606; *A. G. S. R. Co. v. Burgess*, 116 Ala. 509, 22 South .913. The Code, however, directs that the damages shall be distributed according to the statute of distribution, and shall not be subject to the payment of debts or liabilities of the testator or intestate. While the statute is penal, it has been held that it is not penal in such sense that the wrongdoer cannot be compelled to testify in a case against him under the statute.—*Southern Railway Co. v. Bush*, 122 Ala. 470, 26 South. 168.

It thus appearing that the administrator has no pecuniary interest in the damages or in the judgment therefor, and, further, that it may be his duty and right to bring the suit and prosecute it to effect for the distributee, we can see no reason why the sole beneficiary of the suit, damages, and judgment cannot compromise and settle with the alleged wrongdoer, out of court, and why it will not be binding upon the administrator. In fact, such rule has been settled as the law of other states.

The Supreme Court of Wisconsin, in the case of *McKeigue v. C. & N. W. Ry. Co.*, 130 Wis. 543, 110 N. W. 384, 11 L. R. A. (N. S.) 148, 118 Am. St. Rep. 1038, spoke as follows on this subject: "If, therefore, the administrator be allowed to prosecute his claim to judgment, he will do so (under the allegations of the answer) solely in order that he may pay the net proceeds to the sole beneficiary, who made a settlement of the claim with the defendant, before the appointment of the

administrator. If this settlement was freely and fairly made, must a court allow the claim to be prosecuted again for the sole benefit of the person who made it, and who received and retains the full amount paid in settlement? The statement of the proposition seems its best answer. Such a rule would shock every natural sense of justice. Courts exist to redress or prevent wrongs, not to perpetrate them. Doubtless injustice is often inflicted by the decision of courts, but this results from defects in legal machinery, the inability of mere human lawmakers to grasp and comprehend the effect of legislation, or from the necessary imperfection of finite judgment and reasoning, rather than from any conscious or intentional departure from the dictates of justice and right. Happily there are no arbitrary, legal rules which prevent the court from administering justice in a case such as is claimed by the answer to exist. This court has already held that the sole beneficiary of a claim for the death of one person by the act or default of another, under sections 4255, 4256, Statutes of 1898 (Lord Campbell's act), has power to make a valid and binding settlement with the wrongdoer, notwithstanding the fact that any action for such damages must be brought by the personal representative of the deceased.—*Schmidt v. Deegan,* 69 Wis. 300, 34 N. W. 83."

It is thus the policy of the law to encourage compromises and settlements of all claims for damages. In a number of other states it has been held that those entitled to the damages—the heirs or distributees—could settle with and release the wrongdoer, if there were no creditors, or if the debts had been paid.—*Christe v. Chicago, R. I. & P. R. Co.,* 104 Iowa, 709, 74 N. W. 697; *Doyle v. N. Y., O. & W. R. Co.,* 66 App. Div. 398, 72 N. Y. Supp. 936; *Sykora v. Case Co.,* 59 Minn. 130, 60

N. W. 1008. As our statute expressly exempts such damages from the debts or demands of the creditors of the estate, that question is eliminated in this state.

It is true that, as a rule, the legal title to personalty and choses in action vests in the personal representative; but in equity he is a mere agent or trustee for the creditors, heirs, distributees, or legatees of the estate. He has a naked title, with no personal interest. His right will always prevail against strangers, or against any one, for that matter, if necessary for administration in the mode and for the purpose directed by the statute; but when not needed for administration, or when an administration of such property is wholly unnecessary, and the property has gone, without administration, where it rightfully belongs, and would go by an administration, the naked legal title of the personal representative will not prevail in equity against one to whom the equitable title and rightful possession has passed.—*Woodhouse v. Phelps,* 51 Conn. 521. This is strikingly true in the case under consideration; here there is one sole distributee, of full age, and the statute expressly excepts the subject-matter from the claims or demands of creditors of the estate. The only object or purpose of collection would be distribution, and as no distribution is necessary we can see no need of collection.

It was held in this court, in the case of *White v. Ward,* 157 Ala. 345, 47 South. 166, 18 L. R. A. (N. S.) 568, which was a summary action by an administrator de bonis non against an attorney of the former administration, for failure to pay over money collected as damages for the wrongful death of the intestate, that it was a defense pro tanto that a part of the money was paid over by the attorney to those who were entitled to it on distribution. It was also held, in the case of

*Loveman v. Birmingham Ry.* Co., 149 Ala. 515, 526, 43 South. 411, the administrator, with or without the consent of the court, could settle or compromise a claim for the wrongful death of the intestate.

If the administrator, who has the mere naked legal title and right to sue, can compromise and settle the claim for damages; and if an attorney who had collected the judgment can defend by showing that he paid over the money to the beneficiary who would ultimately receive it—then certainly the wrongdoer ought to be able to defend, when he settles with the only person who could ever be entitled to, or benefited by, the damages, if recovered, though he paid or settled before an administrator was appointed. It is a fact in this case worth noticing that the wrongdoer settled with, and obtained a release from the person who, under the statute, was primarily entitled to administer, and then to bring the action. It therefore seems to follow that a settlement and release made between the wrongdoer and the sole distributee is binding on the administrator, in an action by him against the wrongdoer for the wrongful death of the intestate.

The next question is, Is it a defense, available alone in the action at law, to recover the damages, or is it availing in a court of equity? As we have before pointed out, the administrator has the legal title to the chose in action, and therefore the legal right to sue upon it. The distributee has the equitable title and the beneficial interest in the property or subject-matter; and it is this the wrongdoer has acquired. In other words, he has satisfied or destroyed the beneficial interest or claim, but not the legal title or right of the administrator who sues.

Is this equitable title or claim availing as a defense in this action at law to recover the damages? It is true

that the defense has been allowed, on trial to recover damages, in a number of cases; but, so far as we know, the actions were brought in states which had abolished the distinctions between courts of law, and courts of equity, and in which all equitable actions could be brought, and all equitable defenses set up, in courts of law.   In this state, however, in a large measure, the common law and chancery practice had been kept separate and apart; and in most cases of strictly common-law actions equitable defenses are not availing, though there are some exceptions to this rule.   As was said by this court in the case of *Hudson v. Jackson*, 144 Ala. 410, 413, 39 South. 228: "While it is true that the chancery court will not oust the jurisdiction of the law court where the contest is solely between rival legal titles, yet when the plaintiff's claim, or the defendant's defense is equitable, this gives the court of chancery jurisdiction to inquire of and make available such equitable claim or defense."

It may be that the defendant could defend in the court of law, and, if judgment were rendered against him, could then file a bill in a court of chancery, to enjoin the enforcement of the judgment upon the grounds set up in the bill; but as to this we do not decide.   See *Humphries v. Adkins*, 142 Ala. 517, 38 South. 840, 110 Am. St. Rep. 42.   But certainly, if he can maintain it at all, he is not required to wait until after judgment. In all cases in which defense was made in the court of law as for the wrongful death, the courts held that the defense is an equitable one.—*McKeigue v. Chicago Co.*, 130 Wis. 543, 110 N. W. 384, 11 L. R. A. (N. S.) 148, 118 Am. St. Rep. 1038, and notes, which collect the cases.   This being true, a court of equity has jurisdiction to enjoin the action by the administrator against the alleged wrongdoer who has been released by the

sole distributee of the intestate, and the sole beneficiary of the judgment, if one is recovered.

One of the advantages in litigating this question in a court of chancery, which is not availing in a court of law, is that all the parties interested in the matter can be brought before the court, and their rights determined. In a court of law one of the parties most vitally interested, and with whom the contract of settlement and release was made, is not before the court, and cannot be made a party. And if his rights were determined in the court of law he would have no opportunity to be heard.

The bill in this case therefore has equity, and the chancellor properly declined to dismiss the bill, or to sustain the general demurrer thereto. It is not necessary to decide, nor do we decide, that this defense could in no case be availing in a court of law, nor do we decide that the bill in this case is invulnerable against an appropriate demurrer; but we do decide that the bill has equity, and was not subject to the demurrer assigned, which was a general demurrer.

Affirmed.

DOWDELL, C. J., and SIMPSON, ANDERSON, and SOMERVILLE, JJ., concur.