798

**LARRY v. CHICAGO, B. & Q. R. CO.**

**No. 5513.**

District Court, E. D. Missouri, E. D.
Dec. 5, 1947.

Cox & Cox and Harvey B. Cox, all of St. Louis, Mo., and Hugh F. Elliott, of Clayton, Mo., for plaintiff.

Wilder Lucas and Hugh H. Sullivan, both of St. Louis, Mo., for defendant.

HULEN, District Judge.

Plaintiff's suit, based on the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and the Federal Safety Appliance Act, 45 U.S.C.A. § 1 et seq., is brought by her as administratrix of the estate of Howard W. Larry. The complaint, after alleging that the deceased met his death under circumstances coming within the purview of the Act, recites that deceased "left surviving him as his sole heir at law and beneficiary, Adeline Larry, his widow", and the same person as plaintiff, who is now suing in a representative capacity. Damages in the sum of $100,000 are prayed for. Defendant alleges as a defense that prior to the filing of this action defendant paid Adeline Larry the sum of $15,000 in full settlement and release of all claims which Adeline Larry had as heir at law of the deceased Howard W. Larry, growing out of his death while employed by the defendant. Plaintiff would strike from the answer the plea of settlement and such a motion is before the Court for ruling.

It is plaintiff's position that under the Act no right of action is given in case of death of an employee to his widow but that such right of action reposes exclusively in the "personal representative" of the deceased and that the personal representative alone can assert such right of action, and that therefore only the personal representative can settle and discharge the right of action.

The statute upon which plaintiff bases her cause of action, as well as the motion to strike, reads as follows: "Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her *personal representative,* for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents,

or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment. * * *" 45 U.S.C.A. § 51. (Emphasis added.)

We have read the cases cited by plaintiff in support of her position. They are cases holding that personal representative means executor or administrator (Brown v. Boston & M. R. Co., 283 Mass. 192, 186 N.E. 59); that the Act gives an action for damages to the person injured, or in case of his death to his or her personal representative (American R. Co. of Porto Rico v. Birch, 224 U.S. 547, 32 S.Ct. 603, 56 L. Ed. 879); that in case of death of a husband the surviving widow cannot personally maintain suit under the Act (St. Louis & San Francisco R. Co. v. Seale, 229 U.S. 156, loc. cit. 162, 33 S.Ct. 651, 57 L.Ed. 1129, Ann.Cas. 1914C, 156); that part of the beneficiaries in whose behalf a personal representative may maintain the action cannot effect a binding settlement of release (Pittsburgh, Cincinnati, Chicago & St. Louis R. Co. v. Collard's Administrator, 170 Ky. 239, 185 S.W. 1108, L.R.A.1918E, 273. The question raised by plaintiff's motion is not of this character. Here we have a plaintiff who is the widow of the deceased, and his sole heir, suing as an administratrix for damages under the Act and it is alleged in defense of the action that the widow as such heir settled her claim in full. This is not a case in which the right of the administratrix or personal representative to maintain the suit is challenged. We are not presented with a question of the right of a widow to maintain a case for death under the statute in her individual name. We are not presented with a case where a portion of the beneficiaries have attempted to settle with the railroad for damages based on the Act. Defendant pleads a full settlement with the sole beneficiary. Plaintiff as administratrix brings this suit for the benefit of herself individually. Technically, in her representative capacity, she is trustee in this case for herself solely and individually. (See Chicago B. & Q. R. v. Wells-Dickey Trust Co., 275 U.S. 161, 48 S.Ct. 73, 72 L.Ed. 216, 59 A.L.R. 758.) To hold under these circumstances that plaintiff as an individual, sole heir and widow of the deceased could make a settlement with the defendant and then institute, under the garb of her personal representative, an action for her sole benefit against the same defendant for the same damages which were settled by her, would in our judgment work a grave injustice. Such a result is not contemplated by the law in our opinion. If the case of City of Louisville v. Hart's Administrator, 143 Ky. 171, 136 S.W. 212, 35 L.R.A.,N.S., 207, is suggested as sustaining plaintiff's position, then we refuse to follow that case. Excepting the City of Louisville case, which is clearly distinguishable on its facts, and rulings by the Supreme Court of Indiana (Yelton v. Evansville & I. R. Co., 134 Ind. 414, 33 N.E. 629, 21 L.R.A. 158; Cleveland C. C. & St. L. Ry. Co. v. Osgood, 36 Ind.App. 34, 73 N.E. 285), we find no authority supporting plaintiff's position.

That defendant's answer pleads a defense under the present state of the record finds support in the case of Mella v. Northern S. S. Co. (C.C.N.Y., 127 F. 416, 417). In the Mella case plaintiff was the widow of Louis Mella. She sued as administratrix of his estate to recover damages for his death, accruing to her as widow by reasonable negligence of defendant. Plaintiff's case was based on a statute providing that the cause of action was "exclusively for the benefit of the decedent's husband or wife and next of kin." The Court said: "They [the damages] are a property right, which becomes vested in the beneficiaries at the moment of the decedent's death, and can be converted into money through an action brought for their benefit by the personal representatives, who are simply trustees for the purpose."

It was held in this case that a settlement by the widow barred her action. The case of Goen v. Baltimore & O. S. W. R. Co. (179 Ill.App. 566) was an action by a widow as administratrix to recover under the Federal Employers' Liability Act for death of the husband of the administratrix. Among other defenses the answer pled a release of damages and an acknowledgement of settlement. Disposing of this issue the Court said: "And further, if the evi-

dence should show, as appears to have been claimed by appellant, that a settlement had been had in good faith with the widow and she had released appellant from further damages, such facts would constitute a complete defense to appellee's suit and there could be no recovery. Under the proofs in this case the judgment of $5,500 in favor of appellee, which must be for the benefit of the wife alone, was not warranted and such judgment will therefore be reversed and the cause remanded."

See also McKeigue v. Chicago & North Western R. R. Co. (130 Wis. 543, 110 N.W. 384, loc. cit. 385, 11 L.R.A.,N.S., 148, 118 Am.St.Rep. 1038, 10 Ann.Cas. 554.) "A release, compromise and settlement of the claim by the beneficiaries entitled to the proceeds of a recovery will bar a subsequent action by them or for their benefit." 17 C.J. p. 1247, 'Death'; See also 25 C.J.S. 'Death', § 47(c).

For authorities from State courts which support a plea of settlement as a valid defense under the circumstances presented by the record in this case see: Kennedy v. Davis, 171 Ala. 609, 55 So. 104, Ann.Cas. 1913B, 225; Guldager v. Rockwell, 14 Colo. 459, 24 P. 556; Gipe v. Pittsburgh, C. C. & St. L. Ry. Co., 41 Ind.App. 156, 82 N.E. 471; Christie v. Chicago, R. I. & P. R. Co., 104 133 Tenn. 217, 180 S.W. 163; McKeigue Iowa 707, 74 N.W. 697; Doyle v. New York, O. & W. R. Co., 66 N.Y. 398, 72 N.Y.S. 936; Spitzer v. Knoxville Iron Co., v. Chicago & N. W. R. Co., 130 Wis. 543, 110 N.W. 384, 11 L.R.A.,N.S., 148, 118 Am.St.Rep. 1008, 10 Ann.Cas. 554; Wenholz v. New Amsterdam Casualty Co., La. App., 181 So. 222.

 There is a further ground for overruling plaintiff's motion. Plaintiff in this case stands in the position of a trustee suing a third person for the use of her beneficiary. If the allegations contained in the answer of release are subject to proof, to permit the plaintiff as trustee to collect from the defendant and pay to the beneficiary money as damages, for a claim that the beneficiary has already settled with the defendant, and received the consideration, would give the defendant a right of action against the beneficiary to recover the amount received by the beneficiary in violation of her contract with the defendant. We quote from Restatement of the Law, Trusts, Section 328: "If a claim against a third person is held in trust, a discharge of the claim given by the beneficiary terminates the liability of the third person if, but only if, to hold the third person liable would result in circuity of action."

This comment follows: "* * * Payment to the beneficiary does not give the obligor a legal defense to the claim. If, however, were he compelled to make payment to the trustee, the trustee would be compelled to pay the amount recovered to the beneficiary, and the beneficiary having already been paid once would be compelled to make repayment to the obligor, the obligor has an equitable defense to an action by the trustee against him."

Order.

Motion of the plaintiff to strike Paragraph 8 of defendant's answer is overruled.